**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 19-cv-08454** |
| **TODAYS GROWTH CONSULTANT INC.** (dba "The Income Store") | **Hon. Andrea R. Wood** |
| **and** | **Magistrate Judge Jeffrey Cummings** |
| **KENNETH D. COURTRIGHT, III,** | |
| **Defendants.** | |

## JOINT STATUS REPORT

Pursuant to the Court's Order dated January 13, 2020 (Docket No. 30), Plaintiff Securities and Exchange Commission ("SEC"), Defendant Kenneth D. Courtright, III ("Courtright"), and the Receiver for Defendant Todays Growth Consultant Inc. ("TGC") submit this Joint Status Report to update the Court on three topics: (i) the status of Courtright's accounting, (ii) any issues concerning the transfer of full control of TGC's business and assets to the Receiver, and (iii) the parties' position on whether there will be a contested preliminary injunction hearing with evidence or whether the parties will stipulate to the entry of a preliminary injunction order.

### Courtright's Accounting

1.     Pursuant to the Court's Temporary Restraining Order Freezing Assets and Imposing Other Emergency Relief dated December 30, 2019 (Docket No. 20), Courtright was ordered to provide the SEC and Receiver with a verified written accounting containing the following information no later than January 6, 2020:  (i) current assets and liabilities, (ii) money

and other asset transfers from Courtright to others in excess of $10,000 since January 1, 2019;

(iii) money and other asset transfers that Courtright received from TGC or that were for

Courtright's benefit since January 1, 2013; (iv) a list of all banks, financial institutions, brokerage

firms where Courtright maintained accounts or where accounts were held for his direct or indirect

benefit, or over which he exercised direct or indirect control, at any time since January 1, 2013;

and (v) a list of all residences, P.O. box numbers, safety deposit boxes, storage facilities, tax

identification numbers, and passport numbers, used or maintained by Courtright or under his

direct or indirect control at any time since January 1, 2013.

2.      Courtright did not provide an accounting by January 6, 2020.

3.      At the January 13, 2020 status conference, Courtright's counsel asked for

additional time for Courtright to complete an accounting because (i) counsel had been retained

two days earlier, and (ii) Courtright could not complete a verified accounting without access to

information on a specific computer and hard drive that the Receiver seized from TGC's

headquarters, which is also Courtright's residence.  The SEC was amenable to giving Courtright

more time under the circumstances, and the parties informed the Court that they would work with

the Receiver to obtain access to the devices for all parties, and work out a schedule for an

accounting.

4.      Between January 14, 2020 and January 21, 2020, the parties and Receiver engaged

in numerous discussions concerning the devices.  Those discussions culminated with the SEC and

Courtright serving discovery requests on the Receiver concerning the devices, and stipulating to a

protocol relating to the copying and maintenance of the devices in order to protect the parties' and

Receiver's interests in those devices and the content stored on those devices, and to preserve any

personal privileges Courtright may hold over certain content stored on the devices.

2

5.      On January 22, 2020, the parties and Receiver submitted an agreed-to motion to the Court, asking the Court to so-Order the parties' stipulated-to protocol.  In the interim, the parties have agreed to be bound by the protocol, and, on January 22, 2020, the Receiver provided Courtright and his counsel with access to the laptop and hard drive and has mailed forensic images to the SEC.

6.      Courtright has begun to prepare his accounting from data he is now able to access on the devices.  Courtright has asked to have until January 30, 2019, to serve his verified accounting on the SEC and Receiver.  The SEC does not oppose Courtright's request.

**Transfer of Computers and Other Company Assets to the Receiver**

1.      The Receiver has received all laptop computers that it identified to the Court at the last status conference as missing or in transit.  Specifically, the laptop computer that TGC executive David Kelly had mailed to a former counsel for Defendant Courtright was overnighted to the Receiver.  Additionally, since the status conference, the Receiver has received laptop computers from five former executives.

2.      The Receiver has full control over all known accounts and assets of Defendant TGC with the exception of additional accounts the Receiver recently learned about at three banks.  The Receiver has sent letters to those banks and is awaiting responses.

**Preliminary Injunction: Contested Hearing vs. Negotiated Resolution**

1.      The Receiver has informed the SEC that, based on information the Receiver has obtained from TGC's books and records, the Receiver will agree to entry of a preliminary injunction and asset freeze and other relief on behalf of TGC.  The SEC and the Receiver expect to exchange a draft Stipulation and Proposed Preliminary Injunction Order this week.

3

2. The SEC and Courtright have exchanged and discussed a draft Stipulation and Proposed Preliminary Injunction Order that would impose a preliminary injunction against Courtright and continue the asset freeze and provide other relief.

3. Courtright has not made a decision yet on whether to resolve the SEC's preliminary injunction motion or contest it at an evidentiary hearing. Counsel for Courtright hopes to be able to provide the SEC and the Court with a further update on Courtright's intentions at the next status conference, currently scheduled for Monday, January 27, 2020, or, at the latest, by Monday February 3, 2020, which is two business days after the Receiver's report is due and Courtright's answer and accounting are due, which are events that may influence Courtright's decision on how to proceed.

4. The SEC and Courtright have agreed, in the interim, to a briefing schedule for the motion and to dates for the preliminary injunction hearing, as follows:

| | |
|---|---|
| February 7, 2020 | SEC to file supplemental papers in support of motion for preliminary injunction. |
| February 14, 2020 | Courtright to file papers in opposition to motion for preliminary injunction. |
| February 21, 2020 | SEC to file reply papers in further support of motion for preliminary injunction. |
| March 4, 5, or 6, 2020 | Evidentiary Hearing. |

[SIGNATURES APPEAR ON NEXT PAGE]

Dated:  January 23, 2020                    SECURITIES AND EXCHANGE COMMISSION

*/s/ Suzanne J. Romajas*
Suzanne J. Romajas
Michael Brennan
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5971
202-551-4473
RomajasS@sec.gov

*Attorneys for Plaintiff*


*/s/ Mason N. Floyd*
Mason N. Floyd
Leigh D. Roadman
Clark Hill PLC
130 East Randolph St.
Chicago, IL 60601
MFloyd@ClarkHill.com
LRoadman@ClarkHill.com

*Attorneys for Defendant Kenneth D. Courtright, III*


*/s/ Kenneth Dante Murena*
Kenneth Dante Murena
Damian & Valori LLP
1000 Brickell Ave., Ste. 1020
Miami, FL 33131
kmurena@dvllp.com

*Attorney for Receiver*

CERTIFICATE OF SERVICE

I, SUZANNE J. ROMAJAS, certify that, on January 23, 2020, I caused the foregoing

Joint Status Report to be served by CM/ECF, upon all parties and their counsel of record.

*/s/Suzanne J. Romajas*
Suzanne J. Romajas
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5971
202-551-4473