IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>            **Plaintiff,**<br><br>v.<br><br>**TODAYS GROWTH CONSULTANT INC.**<br>(dba "The Income Store")<br><br>**and**<br><br>**KENNETH D. COURTRIGHT, III,**<br><br>            **Defendants.** | **Case No. 19-cv-08454**<br><br>**Judge Andrea R. Wood**<br>**Magistrate Judge Jeffrey Cummings** |

STIPULATION AND ORDER
IMPOSING PRELIMINARY INJUNCTION FREEZING ASSETS
AND GRANTING OTHER RELIEF

  **WHEREAS**, on December 27, 2019, plaintiff U.S. Securities and Exchange Commission ("SEC") commenced this action by filing a Complaint (Docket 1), and an emergency *ex parte* motion for a temporary restraining order freezing assets and seeking other ancillary relief against defendants Todays Growth Consultant Inc. d/b/a The Income Store ("TGC") and Kenneth D. Courtright, III ("Courtright") (collectively, "Defendants") and the appointment of a receiver over defendant TGC (Docket 12);

  **WHEREAS**, on December 30, 2019, the Court granted the SEC's motion after consideration of (i) the SEC's Complaint, (ii) the SEC's motion and accompanying memorandum of law, and (iii) the Declarations of Jeffrey R. Anderson, Thomas Kentner, Gregg Parnell, and Patrick L. Feeney, and the accompanying exhibits (Docket 19 and 20);

**WHEREAS**, the SEC requested that its motion also be deemed a motion for entry of a preliminary injunction order under Rule 65 of the Federal Rules of Civil Procedure (Docket 20);

**WHEREAS,** in its Complaint, the SEC alleged that, since at least January 2017, Defendants were engaged in a fraud involving the offer and sale of investment contracts called Consulting Performance Agreements, and operated a Ponzi-like scheme by diverting newly-raised investor funds to pay existing investors, and Defendant Courtright misappropriated funds from the company for his personal use, in violation of the antifraud and registration provisions of the federal securities laws (Docket 1);

**WHEREAS**, on February 7, 2020, the SEC filed the Supplemental Declaration of Patrick L. Feeney in further support of its motion for entry of a preliminary injunction order;

**WHEREAS**, on February 14, 2020, the deadline for Defendant Courtright to file papers in opposition to the SEC's motion for entry of a preliminary injunction order, Defendant Courtright did not file papers in opposition to or otherwise respond to the motion;

**WHEREAS**, Defendant Courtright, by agreeing to this Order, does not admit or deny the truth of the allegations set forth in the SEC's Complaint, except as to personal and subject matter jurisdiction, and venue, which Defendant Courtright admits;

**WHEREAS**, Defendant Courtright waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure;

**WHEREAS**, Defendant Courtright agrees that he will not oppose the enforcement of this Order on the ground, if any exists, that it fails to comply with Rule 65 of the Federal Rules of Civil Procedure, and hereby waives any objections based thereon;

**WHEREAS**, Defendant Courtright waives the right, if any, to appeal from the entry of the Order;

**WHEREAS**, Defendant Courtright enters voluntarily into this Stipulation, and acknowledges that no promises of immunity, threats, or assurances have been made by the SEC or by its members, officers, agents, or representatives to induce Defendant Courtright to consent to the entry of this Order;

**WHEREAS**, the Court is authorized to grant the relief set forth in the Order pursuant to the Federal Rules of Civil Procedure, its general equitable authority, and also pursuant to Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)] and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)];

**WHEREAS**, Defendant Courtright agrees to the entry of this Order for Preliminary Injunction, and that the Order shall remain in effect until this Court's determination of the merits of this action or until otherwise modified.

## I.

## INJUNCTION FROM VIOLATIONS OF SECTION 5 OF THE SECURITIES ACT

**IT IS HEREBY ORDERED** that, pending final disposition of this action or until further Order of the Court, Defendant Courtright is restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Making use of any means or instruments of transportation or communication in interstate commerce, or of the mails, to sell a security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to such security;

(b) Carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any security for the purpose of sale

3

        or for delivery after sale, unless a registration statement is in effect as to such security; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce, or of the mails, to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED**, as provided in Federal Rule of Civil Procedure 65(d)(2), that the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, mail, overnight delivery service, or electronic mail: (a) Defendant Courtright's current or former agents, servants, employees, and attorneys-in-fact; and (b) other persons in active concert or participation with Defendant Courtright or his current or former agents, servants, employees, and attorneys-in-fact.

## II.

### INJUNCTION FROM VIOLATIONS OF SECTION 17(a) OF THE SECURITIES ACT

**IT IS HEREBY ORDERED** that, pending final disposition of this action or until further Order of the Court, Defendant Courtright is restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] by, directly or indirectly, in connection with the offer or sale of any security, through the use of any means or instruments of transportation or communication in interstate commerce, or use of the mails:

(a)    Employing any device, scheme, or artifice to defraud;

    (b)    Obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    Engaging in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED**, as provided in Federal Rule of Civil Procedure 65(d)(2), that the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, mail, overnight delivery service, or electronic mail: (a) Defendant Courtright's current or former agents, servants, employees, and attorneys-in-fact; and (b) other persons in active concert or participation with Defendant Courtright or his current or former agents, servants, employees, and attorneys-in-fact.

### III.

### INJUNCTION FROM VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT

**IT IS HEREBY ORDERED** that, pending final disposition of this action or until further Order of the Court, Defendant Courtright is restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a), (b), and (c) thereunder [17 C.F.R. § 240.10b-5(a), (b), (c)], by, directly or indirectly, in connection with the purchase or sale of any security, through the use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (a)    Employing any device, scheme, or artifice to defraud;

    (b)    Making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    Engaging in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED**, as provided in Federal Rule of Civil Procedure 65(d)(2), that the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise including facsimile transmission, mail, overnight delivery service, or electronic mail: (a) Defendant Courtright's current or former officers, agents, servants, employees, and attorneys-in-fact; and (b) other persons in active concert or participation with Defendant Courtright or his current or former agents, servants, employees, and attorneys-in-fact.

### IV.

### PROHIBITION AGAINST OFFERING, SELLING OR BUYING BACK SECURITIES

**IT IS HEREBY ORDERED** that, pending final disposition of this action or until further Order of the Court, Defendant Courtright is enjoined from, directly or indirectly, offering, selling, or buying back securities (including investment contracts) or otherwise accepting any funds from current or prospective investors, including by offering, selling, entering into, or buying back Consulting Performance Agreements.

### V.

### ASSET FREEZE

**IT IS HEREBY ORDERED** that, pending final disposition of this action or until further Order of the Court, Defendant Courtright and each of his financial and brokerage

institutions, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephonic notice, mail, overnight delivery, electronic mail, or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal (including the use of any credit cards or any other incurring of debt) of any funds or other assets or things of value presently held by or under the control of Defendant Courtright, whether held in his name or for his direct or indirect beneficial interest, in whatever form such assets may presently exist and wherever located including, but not limited to, all funds in the following accounts:

| Account Title | Institution Name | Account Number |
|---|---|---|
| Kenneth Courtright | PNC Bank, NA | ************2751 |
| Kenneth Courtright | PNC Bank, NA | ******6872 |
| Kenneth Courtright | PNC Bank, NA | ******4789 |
| Kenneth Courtright | Heartland Bank and Trust Company | ******0335 |
| Kenneth Courtright | Heartland Bank and Trust Company | ******9598 |
| Kenneth Courtright | Barclays Bank Delaware | ************9669 |
| Kenneth Courtright | Bank of Shorewood | *****6033 |
| Kenneth Courtright | Bank of Shorewood | *****1591 |
| Kenneth Courtright | Fifth Third Bank | ******3865 |
| Kenneth Courtright | Fifth Third Bank | ******3688 |
| Kenneth Courtright | JPMorgan Chase Bank, N.A. | ************3619 |
| Kenneth Courtright | JPMorgan Chase Bank, N.A. | ************2284 |
| Kenneth Courtright | Landmark Credit Union | ***0100 |
| Kenneth Courtright | Coinbase | Unknown |
| Conklin & Courtright LLC | Wells Fargo Bank, N.A. | ******8090 |

**IT IS FURTHER ORDERED** that, the foregoing paragraph freezing assets of Defendant Courtright shall not apply to any funds obtained by Defendant Courtright after December 31, 2019, the date on which the Temporary Restraining Order was served on Defendant Courtright, provided that (i) such funds are not derived, directly or indirectly, from funds or assets that were directly or indirectly held by or for the benefit of Defendant Courtright, or that were under his control, before December 31, 2019, or from persons or entities that were parties to Consulting Performance Agreements with Defendant TGC, and (ii) Defendant Courtright adheres to the requirements of the next paragraph.

Defendant Courtright shall deposit all funds he receives (or has received) after February 28, 2020, in a single bank account to be opened in the United States after the entry of this Order. Defendant Courtright shall promptly provide to the SEC the account number and the name and address of the bank. Within 15 days after the end of each month, Defendant Courtright shall provide to the SEC (i) a copy of the prior month's bank statement and (ii) a sworn statement identifying, for each credit and debit reflected on the bank statement that individually (or collectively if involving the same source or recipient) is $1,000 or higher, the source or recipient of such funds, unless the identity of the source or recipient is apparent from the face of the bank statement. Pending final disposition of this action or until further Order of the Court, the assets in this account shall not be frozen.

## VI.

### ORDER PROHIBITING DESTRUCTION OF DOCUMENTS

**IT IS HEREBY FURTHER ORDERED** that, pending final disposition of this action or until further Order of the Court, Defendant Courtright is enjoined and restrained, and any person or entity acting at the direction of or on behalf of him is enjoined and restrained from,

8

directly or indirectly, destroying, mutilating, concealing, transferring, altering, or disposing of, any documents, books, and records, or any other property or data of any kind, wherever located or stored, concerning in any way: (1) any matter described in the Complaint, (2) any securities offered for sale by Defendant TGC, including, but not limited to Consulting Performance Agreements, or (3) any communications with, between, or among either Defendant.

As used in this order, "document" has the broadest meaning permitted under the Federal Rules of Civil Procedure, and shall include any information stored in any medium from which information can be obtained, and includes electronically-stored information and information maintained on shared network files, computer hard drives, servers, DVDs, CD-ROMs, flash drives, thumb drives, laptops, digital recorders, netbooks, PDAs, other handheld/ smartphone devices, or on the cloud.

Defendant is ordered to act affirmatively to prevent the destruction of documents. This duty may necessitate: (1) quarantining certain documents to avoid destruction or alteration; or (2) discontinuing the recycling of backup tapes or other storage media, and the deletion of emails, "trash," "recycling," "drafts," "sent," or "archived" folders.

Defendant is directed not to run or install any drive cleaning, wiping, encrypting, or defragmenting software on hard disks of computers that may contain documents.

## VII.

## **DISCOVERY**

**IT IS FURTHER ORDERED** that the expedited discovery schedule reflected in the Court's Order dated December 30, 2019, shall no longer be in effect. For all discovery requests and subpoenas served as of the date of this Order, discovery timelines shall be governed by the

Standing Order relating to the Court's Mandatory Initial Discovery Pilot and the Federal Rules of Civil Procedure.

## VIII.

## OTHER RELIEF

A. Notice of this Order may be accomplished by delivery of a copy of the Order by first class mail, overnight delivery, international express mail, facsimile, electronic mail, or personally, by agents or employees of the SEC, (i) upon the Defendants or their attorneys; and (ii) upon any bank, saving and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may be subject to any provision of this Order.

B. Pursuant to Federal Rule of Civil Procedure 65(c), and 15 U.S.C. § 78u(d), no security or bond is required of the SEC.

C. This Order shall remain in full force and effect until further order of this Court.

## IX.

## PRESERVATION OF RIGHTS AND PRIVILEGES

IT IS HEREBY ORDERED that nothing in this Order shall be construed to require that Defendant Courtright abandon or waive any constitutional or other legal privilege which he may have available including any Fifth Amendment privilege against self-incrimination. In turn, nothing in this Order shall prevent the SEC from opposing or challenging any assertion by

Defendant Courtright of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal privilege.

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| ___/s/ Suzanne J. Romajas_____ <br> Suzanne J. Romajas <br> Michael J. Brennan <br> Securities and Exchange Commission <br> 100 F Street, NE <br> Washington, DC 20549-5971 <br> RomajasS@sec.gov <br> BrennanMi@sec.gov | Date: February 28, 2020 |

*Attorneys for Plaintiff*

| | |
|---|---|
| ___/s/Mason N. Floyd_____ <br> Mason N. Floyd <br> Leigh D. Roadman <br> Clark Hill PLC <br> 130 East Randolph St. <br> Chicago, IL 60601 <br> MFloyd@ClarkHill.com <br> LRoadman@ClarkHill.com | Date: February 28, 2020 |

*Attorneys for Defendant Kenneth D. Courtright, III*

**IT IS SO ORDERED.**

Dated: March 2, 2020

_____
ANDREA R. WOOD
UNITED STATES DISTRICT JUDGE