**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No. 1:19-CV-08454** |
| ) | |
| **v.** ) | **Hon. Andrea R. Wood** |
| ) | |
| **TODAY'S GROWTH CONSULTANT, INC. (d/b/a THE INCOME STORE),** ) | |
| ) | |
| **and** ) | |
| ) | |
| **KENNETH D. COURTRIGHT, III,** ) | |
| ) | |
| **Defendants.** ) | |

**RECEIVER'S FIRST INTERIM APPLICATION FOR AN ORDER**
**APPROVING AND AUTHORIZING PAYMENT OF FEES**
**AND EXPENSES OF RECEIVER AND HER PROFESSIONALS**

Melanie E. Damian, Esq., the court-appointed receiver ("Receiver") in the above-captioned

United States Securities and Exchange Commission (the "SEC") enforcement action, files her first

interim application (the "Application") seeking the Court's (a) approval of all of the fees and costs

that the Receiver and her professionals incurred from December 26, 2019 through January 31,

2020  (the "Application Period"); and (b) authorization to immediately pay all fees and costs from

funds held in the receivership estate (the "Estate").  In support of her Application, the Receiver

states as follows:

## I.    <u>SUMMARY</u>

During the Application Period, the Receiver and her professionals worked diligently to carry out the duties and responsibilities of the Receiver pursuant to the Order Appointing Receiver [ECF No. 19] (the "Receivership Order") and the Temporary Restraining Order Freezing Assets and Imposing Other Emergency Relief [ECF No. 20] (the "TRO"). All of this work is described in detail in the Receiver's Initial Report filed with the Court on January 30, 2020. *See* ECF No. 45 at pp. 9-22.

In performing this work, the Receiver and her lead counsel in Florida, Damian & Valori LLP ("Lead Counsel"), incurred $69,681.40 in fees and $11,755.93 in costs. And, the Receiver's local counsel in the Northern District of Illinois, Rachlis Duff & Peel, LLC ("Illinois Counsel"), incurred $22,822.00 in fees and $467.36 in costs. Further, the Receiver's local counsel in the Eastern District of Pennsylvania, Semanoff Ormsby Greenberg & Torchia, LLC ("Pennsylvania Counsel"), incurred $35,255.00 in fees and $1,356.68 in costs. Finally, the Receiver's forensic accountant and financial and tax consultant, Kapila Mukamal LLP (the "Forensic Accountant"), incurred $28,268.00 in fees and $43.72 in costs. As explained in further detail below, the Receiver and most of her professionals capped their hourly rates for this matter at $290, discounting their standard hourly rates by as much as forty-seven percent (47%), and reduced their fees by eleven percent (11%).[1]

The foregoing fees and costs were necessary and reasonable to fulfill the Receiver's duties and responsibilities pursuant to the Order Appointing Receiver [ECF No. 19] (the "Receivership

---

[1] The reduced hourly rates of the Receiver and her professionals and paraprofessionals are set forth in Section V, *infra*.

2

Order") and the Temporary Restraining Order Freezing Assets and Imposing Other Emergency Relief [ECF No. 20] (the "TRO").

## II.     PROCEDURAL AND FACTUAL BACKGROUND

### A.  Appointment of Receiver and Employment of Professionals

On December 30, 2019, this Court entered the Receivership Order [ECF No. 19], appointing Melanie E. Damian, Esq. as Receiver of Today's Growth Consultant, Inc. d/b/a The Income Store ("TGC" or the "Receivership Defendant").[2]  The Receivership Order allows the Receiver "[t]o engage and employ persons in her discretion to assist her in carrying out her duties and responsibilities hereunder, including, but not limited to, accountants, attorneys. . . ."  *See* Receivership Order [ECF No. 19] at ¶ 8(G).  The Receiver, however, must seek Court approval prior to retaining any personnel.  *See* Receivership Order [ECF No. 19] at ¶61.  Accordingly, the Receiver sought authorization to employ various professionals, including Lead Counsel, Illinois Counsel, and Pennsylvania Counsel, and the Forensic Accountant.  On January 13, 2020, this Court entered an order approving the Receiver's application to employ Lead Counsel, Illinois Counsel and Pennsylvania Counsel.  ECF No. 30.  And on January 30, 2020, the Court approved the Receiver's application to employ Forensic Accountant.  ECF No. 42.

### B.  Compensation and Reimbursement of Expenses

Pursuant to the Receivership Order, the Receiver and her court-appointed professionals are entitled to reasonable compensation for services rendered and reimbursement of expenses incurred in connection therewith.  *See* Receivership Order [ECF No. 19] at ¶62.  To receive such compensation and reimbursement, the Receiver is required to, within forty-five (45) days after the

---

[2] Capitalized terms herein not otherwise defined are given the definition ascribed to such terms in the Court's Orders.

end of each calendar quarter, file with the Court an application for payment from the Receivership Estate of the fees and costs incurred by the Receiver and her court-approved professionals during the prior calendar quarter. *See* Receivership Order [E.C.F. No. 19] at ¶ 63. The original deadline for the Receiver to file the initial application for payment of fees and costs (the "Fee Application") was February 14, 2020. On February 14, 2020, the Receiver filed a Motion for Extension of Time to File Initial Quarterly Fee Application [ECF No. 50], which Motion the Court granted on February 27, 2020, extending the deadline to March 6, 2020. *See* ECF No. 58.

Accordingly, the Receiver files this Application seeking the Court's approval of all of the fees and costs that the Receiver and her professionals incurred during the Application Period, and authorization to pay 80% of the fees (with a 20% holdback) and 100% of the costs.

### III. CASH ON HAND AND REVENUES OF THE RECEIVERSHIP DEFENDANT DURING AND AFTER THE APPLICATION PERIOD

As of the end of the Application Period (January 31, 2020), the Receiver held a total of $99,409.93 in cash on hand in her fiduciary account for the Receivership Estate at City National Bank in Miami, Florida, earning interest at 1.25% (APR). These funds comprised revenues from the business operations, and transfers from accounts, of the Receivership Defendant, during the Application Period. The business generated an additional $145,000 in revenues during the Application Period, but those funds remained in the Receivership Defendant's business accounts, under the exclusive control of the Receiver, pending transfer to the Receiver's fiduciary account, as of the end of the Application Period. *See* Receiver's Initial Report [ECF No. 45] at p. 23. After the Application Period (in February and March 2020), the Receiver used funds in the Estate to pay various business expenses and the business generated an additional $363,431.62 in revenues. The Receiver expects the business to generate similar revenues in the coming months, in which case there should be sufficient funds in the Estate to cover the expenses of the business and of the Estate,

including the fees and costs of the Receiver and her professionals. As of the filing of this Application, the Receiver holds in her fiduciary account a total of $378,169.70 in cash on hand, which includes revenues generated to date by the Receiver's ongoing operations.

The SEC's Standardized Fund Accounting Report (the "SFAR") for the Application Period is attached hereto as **Exhibit A**. Further, a full summary of the receipts and disbursements of the Estate as of the end of the Application Period is set forth in section IV of the Receiver's Initial Report. *See* ECF No. 45.

### IV. WORK PERFORMED BY THE RECEIVER AND HER PROFESSIONALS DURING THE APPLICATION PERIOD

The Receiver and her professionals' complete time records and detailed descriptions of work performed during the Application Period are set forth in the invoices attached hereto as **Exhibits B through E.** In particular, a detailed description of the work performed by Lead Counsel is set forth in the invoices attached hereto as **Exhibit B**. And, a description of the work performed by Illinois Counsel is set forth in the invoices attached hereto as **Exhibit C**. Further, a description of the work performed by Pennsylvania Counsel is set forth in the invoices attached hereto as **Exhibit D**. Finally, a description of the work performed by the Forensic Accountant is set forth in the invoices attached hereto as **Exhibit E**.

### V. REDUCED HOURLY RATES AND FEES

As explained above, the Receiver, Lead Counsel and the Forensic Accountant capped their hourly rates at $290 for this matter in accordance with the agreement between the Receiver and the SEC.[3] This represents a significant reduction from their standard hourly rates and will result

---

[3] While the Forensic Accountant capped its hourly rates at $290 for general forensic accounting and financial consulting work, any expert witness and tax consulting services it may be asked to provide will be billed at its standard hourly rates. The hourly rates for the Receiver's Pennsylvania

in significant savings for the Receivership Estate.[4]  In fact, the Receiver and her Lead Counsel reduced their rates by as much as 47% and her Forensic Accountant reduced its rates by as much as 41%.

In addition to significantly reducing their hourly rates, the Receiver and her Lead Counsel reduced their fees by approximately $7,825.10 or eleven percent (11%).  And neither the Receiver nor her professionals billed for the time expended while traveling, preparing this Fee Application, or preparing and finalizing their invoices.  As a result of the reduced rates and fees, the blended hourly rate (total fees incurred divided by total hours expended) for the Receiver and Lead Counsel during the Application Period was only $252.10.[5]

## VI.     REQUEST FOR FEES AND COSTS

25.     As set forth in paragraphs 62 and 63 of the Receivership Order, the Receiver is authorized to seek compensation for her activities and those of her retained professionals.  *See* ECF No. 19.  Accordingly, by this Application, the Receiver is seeking this Court's approval of all of the fees and costs incurred by the Receiver and her professionals during the Application

---

Counsel are capped at $300, and the hourly rates for the Receiver's Illinois Counsel are capped at $440, representing significant reductions from their respective standard hourly rates.

[4] For example, the Receiver's and her Lead Counsel's hourly rates have been reduced as follows:

| | |
|---|---|
| a) Partners (including Receiver) – | From $500-$550 reduced to $290 |
| c) Of Counsel – | From $350-$550 reduced to $275-$285 |
| d) Associate Attorneys – | From $175-$350 reduced to $200-$265 |
| e) Non-attorney professionals – | From $125-$175 reduced to $75-$150 |

[5] The blended hourly rates for the Receiver's other professionals were as follows:

a) Illinois Counsel:  $264.14
b) Pennsylvania Counsel:  $288.38
c) Forensic Accountant:  $242.02

Period, and authorization to pay from the funds in the Estate 80% of such fees (with a holdback of 20% of the fees) and 100% of such costs.

26.     As reflected in the attached invoices, the total amount of fees and costs incurred by the Receiver and each of her professionals during the Application Period (December 26, 2019 through January 30, 2020) is as follows:[6]

      a.  The Receiver and Damian & Valori, LLP incurred fees and costs totaling $81,437.33 (including $69,681.40 in fees and $11,755.93 in costs).  *See* **Exhibit B**.

      b.  Rachlis Duff & Peel, LLC (Illinois Counsel) incurred fees and costs totaling $23,289.36 (including $22,822.00 in fees and $467.36 in costs).  *See* **Exhibit C**.

      c.  Semanoff Ormsby Greenberg & Torchia, LLC (Pennsylvania Counsel) incurred fees and costs totaling $36,611.68 (including $35,255.00 in fees and $1,356.68 in costs).  *See* **Exhibit D**.

      d.  Kapila Mukamal. LLP (Forensic Accountant) incurred fees and costs totaling $28,311.72 (including $28,268.00 in fees and $43.72 in costs).  *See* **Exhibit E**.

## VII.   CERTIFICATION OF CONFERENCE

Undersigned counsel for the Receiver hereby certifies that he provided a draft of this Application and the attached invoices to counsel for the SEC and counsel for Defendant Courtright. Counsel for the SEC informed undersigned counsel that they have reviewed the Application and

---

[6] Given the significant amount of work the Receiver and her professionals needed to perform during the initial five weeks of the receivership to fulfill the Receiver's duties under the Appointment Order, including preparing and filing her initial Status Report, the fees and costs incurred by the Receiver and her professionals during the initial Application Period were greater than the fees and costs the Receiver expects to incur during a five-week period in the future.  In particular, the Receiver does not expect her Pennsylvania Counsel, who assisted with taking control of TGC's office in Lancaster, Pennsylvania, or her Illinois Counsel, who assisted with taking control of TGC's office in Minooka, Illinois, to incur significant fees or costs during any forthcoming five-week period.

attached invoices and have no opposition to the requested relief sought. Counsel for Defendant Courtright confirmed receipt of the draft Application and invoices but informed undersigned counsel that they were unable to review them with Defendant Courtright prior to the filing of the Application and, thus, reserved the right to object to or comment on the Application.

## VIII.   CERTIFICATION OF RECEIVER

The undersigned certifies that:

(a)   I have read this Application;

(b)   to the best of my knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate;

(c)   all fees contained in the Application are based on the rates listed in the Exhibits attached hereto and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed;

(d)   I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission);

(e)   in seeking reimbursement for a service which I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I require reimbursement only for the amount billed to me by the third-party vendor and paid by me to such vendor. To the extent that such services were performed by me as Receiver, I certify that I am not making a profit as Receiver on such reimbursable service; and

(f)     I have not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

Respectfully submitted and certified,

/s/ Melanie E. Damian
MELANIE E. DAMIAN, RECEIVER

WHEREFORE, Melanie E. Damian, as Receiver, respectfully requests that the Court enter an Order:[7]

(a)     approving the total amount of fees and costs for the Application Period of:  the Receiver and Lead Counsel, Damian & Valori LLP, in the amount of $81,437.33; Illinois Counsel, Rachlis Duff & Peel, LLC, in the amount of $23,289.36; Pennsylvania Counsel, Semanoff Ormsby Greenberg & Torchia, LLC, in the amount of $36,611.68; and Forensic Accountant, Kapila Mukamal, LLP, in the amount of $28,311.72;

(b)     authorizing payment of 80% of the fees and 100% of the costs to:  Damian & Valori LLP in the amount of $67,501.05 (comprising $55,745.12 in fees (80% of $69,681.40) and $11,755.93 in costs); Rachlis Duff & Peel, LLC in the amount of $18,724.96 (comprising $18,257.60  in fees (80% of $22,822.00)  and $467.36 in costs); Semanoff Ormsby Greenberg & Torchia, LLC in the amount of $29,560.68 (comprising $28,204.00 in fees (80% of $35,255.00) and $1,356.68 in costs); and

---

[7] A copy of a proposed order granting the Receiver's First Application for Order Authorizing Payment of Fees and Expenses is attached hereto as **Exhibit F**.

Kapila Mukamal, LLP in the amount of $22,658.12 (comprising $22,614.40 in fees

(80% of $28,268.00) and $43.72 in costs).

Respectfully submitted this 6th day of March, 2020.

**DAMIAN & VALORI, LLP**
*Counsel for Melanie E. Damian, Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

*/s/ Kenneth Dante Murena*
Kenneth Dante Murena, Esq.
Florida Bar No. 147486
E-mail: kmurena@dvllp.com

*Admitted Pro Hac Vice*