UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                                    Plaintiff,<br><br>v.<br><br>TODAYS GROWTH CONSULTANT INC.<br>(dba "The Income Store")<br><br>and<br><br>KENNETH D. COURTRIGHT, III,<br><br>                                                    Defendants. | Civil Action No. 1:19-cv-08454<br><br>Hon. Andrea R. Wood<br>Magistrate Judge Jeffrey Cummings |

## JOINT STATUS REPORT

Plaintiff Securities and Exchange Commission ("SEC"), Defendant Kenneth D. Courtright III ("Courtright"), and Defendant Todays Growth Consultant Inc. ("TGC"), acting through its receiver, Melanie Damian ("Receiver"), submit this Joint Status Report pursuant to Paragraph 5 of the Third Amended General Order 20-0012 ("General Order") (Docket No. 76).

## STATUS OF DISCOVERY AND PROPOSED SCHEDULE FOR THE NEXT 45+ DAYS

Amended General Order 20-0012 was entered on March 16, 2020, before the parties were required to exchange mandatory initial disclosure reports, conduct a Rule 26(f) conference, or submit a proposed discovery schedule for the case. (Docket No. 67) Accordingly, with the exception of the expedited discovery that took place before the General Order was entered,[1] the parties have engaged in minimal discovery to date.

---

[1] Between December 30, 2019 and March 2, 2020, the parties were permitted to take expedited discovery, pursuant to the terms of the Temporary Restraining Order entered on December 30, 2019. (Docket No. 20) The SEC and Defendant Courtright issued document requests and subpoenas during that period in

Pursuant to the Court's February 27, 2020 Minute Order, the parties were required to exchange mandatory initial disclosure reports by April 2, 2020, to hold a Rule 26(f) conference soon thereafter, to present the Court with a proposed discovery schedule by April 16, 2020, and to have a status hearing to discuss the proposed discovery schedule with the Court on April 23, 2020. (Docket No. 58) The SEC also expected to begin producing documents to Defendant Courtright as part of its initial disclosures obligation as permitted by Paragraph B.3. of the "Amended Standing Order Regarding Mandatory Initial Discovery Pilot Project."[2]

Amended General Order 20-0012 and the second and third amendments thereto (Docket Nos. 72, 76) had the collective effect of extending these preliminary deadlines by 77 days. The new deadlines are as follows:

**June 18, 2020**: deadline for the exchange of mandatory initial disclosure reports;

**June 22-24, 2020**: date range under discussion for conducting the Rule 26(f) conference;

**July 2, 2020**: deadline for submitting joint status report and proposed discovery schedule;

**To be scheduled**: status hearing.

Because the Rule 26(f) conference has not yet occurred, pursuant to Rule 26(d)(1), the parties have not been able to seek discovery pursuant to a Rule 45 subpoena and, as a technical matter, responses to Rule 34 requests for production are not due until 30 days after the Rule 26(f) conference occurs.

---

preparation for a Preliminary Injunction hearing. On March 2, 2020, the Court declared the expedited discovery schedule to be "no longer in effect" and, since then, the discovery timelines have been governed by the Standing Order relating to the Court's Mandatory Initial Discovery Pilot and the Federal Rules of Civil Procedure. (Docket Nos. 55, 56).

[2] Although Defendant TGC remains in the case, the Receiver has informed the SEC that it does not wish to receive the SEC's initial disclosures production.

The parties desire to take document discovery under Rule 45, and to shorten the response time to a Rule 34 request for production, and today stipulated and agreed that each party may issue Rule 45 subpoenas in advance of the Rule 26(f) conference and that a Rule 34 request for production shall be deemed served when served, as opposed to on the future date of the parties' Rule 26(f) conference. The stipulation is attached hereto as Exhibit A.

In the interim, the SEC has been preparing for initial disclosures, a phase in which it expects to produce a significant volume of documents, many of which originated from the files of Defendant TGC and contain sensitive information about receivership assets and the counter-parties to Defendant TGC's Consulting Performance Agreements. In April 2020, the Receiver asked the parties to stipulate to the entry of a Protective Order that would restrict the use of such documents to the litigation. A draft agreement was circulated. If the parties do not reach agreement on the treatment of such documents, the Receiver intends to file a contested motion with the Court before the SEC makes it initial disclosures production on June 18, 2020.

Additionally, in March and April 2020, the SEC and Defendant Courtright discussed the possibility that certain documents produced in expedited discovery to the SEC – the more than 400,000 emails produced by Defendant TGC for which Defendant Courtright is the identified custodian -- may contain content that Defendant Courtright considers to be personally privileged.[3] The SEC and Defendant Courtright worked through a protocol for the review and treatment of such documents. The process resulted in the identification of 2,180 emails as potentially privileged. The emails and their family members were provided to Defendant Courtright on April 20, 2020. He has 45 days from April 20, 2020, or until June 4, to review the emails and provide

---

[3] Defendant TGC produced these documents in response to a Request for Production served on February 7, 2020, while this case was in an expedited discovery phase. The Receiver has waived any privilege the company may have had over the content of such emails.

the SEC with a privilege log, after which point the SEC litigation staff may access any emails not logged.

The parties do not believe that a telephonic conference with the Court is currently needed in relation to any discovery issues. The parties will contact the Court to schedule a telephonic conference if the situation changes.

## STATUS OF UNRESOLVED MOTIONS

**Receiver's Application for an Order Approving and Authorizing Payment of the Receiver's and Her Professionals' Fees and Expenses:** On March 6, 2020, the Receiver filed a first interim application for the approval of the Receiver's and her professionals' fees and expenses incurred from December 26, 2019 through January 31, 2020. (Docket Nos. 60, 61) Defendant Courtright objected to the application on March 19, 2020. (Docket No. 68) The Receiver responded to Defendant Courtright's objection on March 30, 2020. (Docket No. 71) As stated in the Receiver's papers, the SEC does not object to the Receiver's application; accordingly, the Receiver's application is fully briefed and ripe for consideration by the Court. The Receiver has not been paid since being appointed and therefore requests a telephonic conference with the Court on this motion.

**Receiver's Motion for Approval of Claims Administration Process and Partial Distribution Plan:** On February 28, 2020, the Receiver moved for approval of a proposed claims administration process and partial plan of distribution. (Docket No. 54) Briefing is underway and, as a result of the extensions of time granted by General Order 20-0012 and its amendments, the parties expect all remaining statements of position by interested parties to be filed by Monday, June 1, 2020, and the Receiver's amended response to be filed by Thursday, June 4, 2020.

For the Court's convenience, below is a summary of the filings that have been made to date in connection with this motion and the deadlines that remain:

On March 10, 2020, the Receiver filed an amended proposed claims administration process and distribution plan. (Docket No. 62) On March 19, 2020, Defendant Courtright objected to the Receiver's proposed claims administration process and distribution plan. (Docket No. 68) On the same date, the Receiver filed a status report, attaching objections and comments received from 21 investors on her proposed plan. (Docket Nos. 68, 69) The Receiver responded to Defendant Courtright's objections to her proposed plan and filed a supplemental status report on March 30, 2020. (Docket No. 71) On April 17, 2020, the parties received an investor letter dated March 15, 2020, objecting to the Receiver's proposed claims process and partial distribution plan. (Docket No. 73)

The first, second, and third amendments to General Order 20-0012 (Docket Nos. 67, 72, 76) effectively extended all deadlines in the case by 77 days. The extended deadline for interested parties to file a statement of position concerning the Receiver's proposed claims distribution process and distribution plan is now June 1, 2020. The extended deadline for the Receiver to file a status report notifying the Court of and responding to additional objections is now June 4, 2020. The SEC intends to file a statement of position on June 1, 2020. The Receiver intends to file a supplemental status report on June 4, 2020.

Given the important issues raised by this motion and the objections, and the impact of General Order 20-0012's 77-day pause on the receivership estate and the potential claimants, the parties request a telephonic conference with the Court as soon as possible after the motion is fully briefed on June 4, 2020.

## **SETTLEMENT EFFORTS**

The SEC and Receiver have discussed potential terms for settlement of Defendant TGC from this case and have exchanged draft settlement papers. Settlement of the SEC's claims against Courtright appear unlikely at this time.

 /s/Suzanne J. Romajas   Date: May 18, 2020
Suzanne J. Romajas
Michael J. Brennan
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5971
RomajasS@sec.gov
BrennanMi@sec.gov

*Attorneys for Plaintiff*


 /s/Mason N. Floyd   Date: May 18, 2020
Mason N. Floyd
Leigh D. Roadman
Clark Hill PLC
130 East Randolph St.
Chicago, IL 60601
MFloyd@ClarkHill.com
LRoadman@ClarkHill.com

*Attorneys for Defendant Kenneth D. Courtright, III*


 /s/Kenneth Dante Murena   Date: May 18, 2020
Kenneth Dante Murena
Jonathan Groth
Damian & Valori LLP
1000 Brickell Ave., Ste. 1020
Miami, FL 33131
kmurena@dvllp.com
jgroth@dvllp.com

*Attorneys for the Receiver of Defendant Todays Growth Consultant Inc.*

CERTIFICATE OF SERVICE

      I, SUZANNE J. ROMAJAS, certify that, on May 18, 2020, I caused the foregoing Joint Status Report to be served by CM/ECF, upon all parties and their counsel of record.

                                                  */s/Suzanne J. Romajas*
                                                  Suzanne J. Romajas
                                                  Securities and Exchange Commission
                                                  100 F Street, NE
                                                  Washington, DC 20549-5971
                                                  202-551-4473