**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No. 1:19-CV-08454** |
| ) | |
| **v.** ) | **Hon. Andrea R. Wood** |
| ) | |
| **TODAY'S GROWTH CONSULTANT, INC. (d/b/a THE INCOME STORE),** ) | |
| ) | |
| **and** ) | |
| ) | |
| **KENNETH D. COURTRIGHT, III,** ) | |
| ) | |
| **Defendants.** ) | |

**RECEIVER'S SECOND INTERIM APPLICATION FOR AN**
**ORDER APPROVING AND AUTHORIZING PAYMENT OF FEES**
**AND EXPENSES OF RECEIVER AND HER PROFESSIONALS**

Melanie E. Damian, Esq., the court-appointed receiver ("Receiver") in the above-captioned United States Securities and Exchange Commission (the "SEC") enforcement action, files her second interim application (the "Application") seeking the Court's (a) approval of all of the fees and costs that the Receiver and her professionals incurred from February1, 2020, through June 30, 2020 (the "Application Period"); and (b) authorization to immediately pay all fees and costs from funds held in the receivership estate (the "Estate"). In support of her Application, the Receiver states as follows:

I.   **SUMMARY**

During the five-month Application Period, the Receiver and her professionals worked diligently to carry out the duties and responsibilities of the Receiver pursuant to the Order

Appointing Receiver [ECF No. 19] (the "Receivership Order") and the Temporary Restraining Order Freezing Assets and Imposing Other Emergency Relief [ECF No. 20] (the "TRO"). All such work is described in detail in the Receiver's Second Status Report filed with the Court on June 30, 2020. *See* ECF No. 81.

In performing this work, the Receiver and her lead counsel in Florida, Damian & Valori LLP ("Lead Counsel"), incurred $186,466.50 in fees and $1,282.00 in costs. And, the Receiver's local counsel in the Northern District of Illinois, Rachlis Duff & Peel, LLC ("Illinois Counsel"), incurred $12,665.00 in fees and $109.67 in costs. Further, the Receiver's local counsel in the Eastern District of Pennsylvania, Semanoff Ormsby Greenberg & Torchia, LLC ("Pennsylvania Counsel"), incurred $2,580.00 in fees and $111.75 in costs. Finally, the Receiver's forensic accountant and financial and tax consultant, Kapila Mukamal LLP (the "Forensic Accountant"), incurred $93,043.00 in fees and $4,247.73 in costs. As explained in further detail below, the Receiver and most of her professionals capped their hourly rates for this matter at $290, representing a reduction by as much as forty-seven percent (47%), and reduced their fees by seven percent (7%).[1]

The foregoing fees and costs were necessary and reasonable to fulfill the Receiver's duties and responsibilities pursuant to the Receivership Order and the TRO.

II.     **PROCEDURAL AND FACTUAL BACKGROUND**

   A. **Appointment of Receiver and Employment of Professionals**

On December 30, 2019, this Court entered the Receivership Order [ECF No. 19], appointing Melanie E. Damian, Esq. as Receiver of Today's Growth Consultant, Inc. d/b/a The

---

[1] The reduced hourly rates of the Receiver and her professionals and paraprofessionals are set forth in Section V, *infra*.

2

Income Store ("TGC" or the "Receivership Defendant").[2]  The Receivership Order authorizes the Receiver "[t]o engage and employ persons in her discretion to assist her in carrying out her duties and responsibilities hereunder, including, but not limited to, accountants, attorneys. . . ."  *See* Receivership Order [ECF No. 19] at ¶ 8(G).  The Receiver, however, must seek Court approval prior to retaining any personnel.  *See* Receivership Order [ECF No. 19] at ¶61.  Accordingly, the Receiver sought authorization to employ various professionals, including Lead Counsel, Illinois Counsel, Pennsylvania Counsel, and the Forensic Accountant.  On January 13, 2020, this Court entered an order approving the Receiver's application to employ Lead Counsel, Illinois Counsel and Pennsylvania Counsel.  ECF No. 30.  And on January 30, 2020, the Court approved the Receiver's application to employ the Forensic Accountant.  ECF No. 42.

### B.  Compensation and Reimbursement of Expenses

Pursuant to the Receivership Order, the Receiver and her court-approved professionals are entitled to reasonable compensation for services rendered and reimbursement of expenses incurred in connection therewith.  *See* Receivership Order [ECF No. 19] at ¶62.  To receive such compensation and reimbursement, the Receiver is required to, within forty-five (45) days after the end of each calendar quarter, file with the Court an application for payment from the Receivership Estate of the fees and costs incurred by the Receiver and her court-approved professionals during the prior calendar quarter.[3]  *See* Receivership Order [E.C.F. No. 19] at ¶ 63.

---

[2] Capitalized terms herein not otherwise defined are given the definition ascribed to such terms in the Court's Orders.

[3] Pursuant to the extensions granted as a result of the COVID-19 pandemic, the deadline to file the Receiver's fee application for February and March of the first quarter of 2020 was extended until after the second quarter.  Therefore, rather than filing a first quarter fee application for February and March 2020 and a separate second quarter fee application for April through June 2020, the Receiver combined both fee applications in this Fee Application for the sake of efficiency.

Accordingly, the Receiver files this application for payment of fees and costs (the "Fee Application") seeking the Court's approval of all of the fees and costs that the Receiver and her professionals incurred during the Application Period, and authorization to pay 80% of the fees (with a 20% holdback) and 100% of the costs.

### III. CASH ON HAND AND REVENUES OF THE RECEIVERSHIP DEFENDANT DURING THE APPLICATION PERIOD

As of the end of the Application Period, the Receiver held a total of $605,229.58 in cash on hand in her fiduciary account for the Receivership Estate at City National Bank in Miami, Florida, earning interest at 1.25% (APR). These funds comprised revenues from the business operations, and the balances in accounts, of the Receivership Defendant during the Application Period. *See* Receiver's Second Status Report [ECF No. 81].

The SEC's Standardized Fund Accounting Report (the "SFAR") for the Application Period is attached hereto as **Exhibit A**. Further, a full summary of the receipts and disbursements of the Estate as of the end of the Application Period is set forth in section IV of the Receiver's Second Status Report. *See* ECF No. 81.

### IV. WORK PERFORMED BY THE RECEIVER AND HER PROFESSIONALS DURING THE APPLICATION PERIOD

The Receiver's Second Status Report describes in detail the work performed by the Receiver and her professionals during the Application Period. *See* ECF No. 81. The complete time records for such work are set forth in the invoices attached hereto as **Exhibits B through E**. In particular, the time records describing the work performed by the Receiver and Lead Counsel are set forth in the invoices attached hereto as **Exhibit B**. And, the time records for the work performed by Illinois Counsel are set forth in the invoices attached hereto as **Exhibit C**. Further, the time records describing the work performed by Pennsylvania Counsel are set forth in the

4

invoices attached hereto as **Exhibit D**.  Finally, the time records for the work performed by the Forensic Accountant are set forth in the invoices attached hereto as **Exhibit E**.

## V.     REDUCED HOURLY RATES AND FEES

As explained above, the Receiver, Lead Counsel and the Forensic Accountant capped their hourly rates at $290 for this matter in accordance with the agreement between the Receiver and the SEC.[4]   And, Pennsylvania Counsel capped their hourly rates at $300, and Illinois Counsel capped their hourly rates at $440.  The foregoing caps represent significant reductions from the standard hourly rates of the Receiver and her professionals and will result in significant savings for the Receivership Estate.[5]   In fact, the Receiver and her Lead Counsel reduced their rates by as much as 47% and her Forensic Accountant reduced its rates by as much as 41%.

In addition to significantly reducing their hourly rates, the Receiver and her Lead Counsel reduced their fees by approximately $14,401.00 or seven percent (7%).  And neither the Receiver nor her professionals billed for the time expended while traveling, preparing this Fee Application, or preparing and finalizing their invoices.  As a result of the reduced rates and fees, the blended hourly rate (total fees incurred divided by total hours expended) for the Receiver and Lead Counsel during the Application Period was only $228.62.[6]

---

[4] While the Forensic Accountant capped its hourly rates at $290 for general forensic accounting and financial consulting work, any expert witness and tax consulting services it may be asked to provide will be billed at its standard hourly rates.

[5] For example, the Receiver's and her Lead Counsel's hourly rates have been reduced as follows:

| | |
|---|---|
| a) Partners (including Receiver) – | From $500-$550 reduced to $290 |
| c) Of Counsel – | From $350-$550 reduced to $275-$285 |
| d) Associate Attorneys – | From $175-$350 reduced to $200-$265 |
| e) Non-attorney professionals – | From $125-$175 reduced to $75-$150 |

[6] The blended hourly rates for the Receiver's other professionals were as follows:

**VI.**    **REQUEST FOR FEES AND COSTS**

As set forth in paragraphs 62 and 63 of the Receivership Order, the Receiver is authorized to seek compensation for her activities and those of her retained professionals. *See* ECF No. 19. Accordingly, by this Application, the Receiver is seeking this Court's approval of all of the fees and costs incurred by the Receiver and her professionals during the Application Period, and authorization to pay from the funds in the Estate 80% of such fees (with a holdback of 20% of the fees) and 100% of such costs.

As reflected in the attached invoices, the total amount of fees and costs incurred by the Receiver and each of her professionals during the Application Period (February 1, 2020, through June 30, 2020) is as follows:

     a. The Receiver and Damian & Valori, LLP incurred fees and costs totaling $187,748.50 (including $186,466.50 in fees and $1,282.00 in costs). *See* Exhibit B.

     b. Rachlis Duff & Peel, LLC (Illinois Counsel) incurred fees and costs totaling $12,774.67 (including $12,665.00 in fees and $109.67 in costs). *See* Exhibit C.

     c. Semanoff Ormsby Greenberg & Torchia, LLC (Pennsylvania Counsel) incurred fees and costs totaling $2,691.75 (including $2,580.00 in fees and $111.75 in costs). *See* Exhibit D.

     d. Kapila Mukamal. LLP (Forensic Accountant) incurred fees and costs totaling $97,289.73 (including $93,043.00 in fees and $4,246.73 in costs). *See* Exhibit E.

---

a) Illinois Counsel: $184.08
b) Pennsylvania Counsel: $300.00
c) Forensic Accountant: $257.38

## VII.    CERTIFICATION OF CONFERENCE

Undersigned counsel for the Receiver hereby certifies that he provided the attached invoices to counsel for the SEC and counsel for Defendant Courtright prior to filing this Fee Application.  Counsel for the SEC informed undersigned counsel that they have reviewed the invoices and have no opposition to the requested relief.  Counsel for Defendant Courtright informed undersigned counsel that Courtright objects to the requested fees and costs for the same reasons set forth in his objection [ECF No. 68] to the Receiver's initial fee application [ECF No. 60] and other reasons.

## VIII.    CERTIFICATION OF RECEIVER

The undersigned certifies that:

(a)    I have read this Application;

(b)    to the best of my knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate;

(c)    all fees contained in the Application are based on the rates listed in the Exhibits attached hereto and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed;

(d)    I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission);

(e)    in seeking reimbursement for a service which I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I require reimbursement only for the amount

billed to me by the third-party vendor and paid by me to such vendor. To the extent that such services were performed by me as Receiver, I certify that I am not making a profit as Receiver on such reimbursable service; and

(f)   I have not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

Respectfully submitted and certified,

/s/ Melanie E. Damian
MELANIE E. DAMIAN, RECEIVER

WHEREFORE, Melanie E. Damian, as Receiver, respectfully requests that the Court enter an Order:[7]

(a)   approving the total amount of fees and costs for the Application Period of:  the Receiver and Lead Counsel, Damian & Valori LLP, in the amount of $187,748.50; Illinois Counsel, Rachlis Duff & Peel, LLC, in the amount of $12,774.67; Pennsylvania Counsel, Semanoff Ormsby Greenberg & Torchia, LLC, in the amount of $2,691.75; and Forensic Accountant, Kapila Mukamal, LLP, in the amount of $97,289.73;

(b)   authorizing payment of 80% of the fees and 100% of the costs to:  Damian & Valori LLP in the amount of $150,455.20 (comprising $149,173.20 in fees (80% of $186,466.50) and $1,282.00 in costs); Rachlis Duff & Peel, LLC in the amount of $10,241.67 (comprising $10,132.00 in fees (80% of $12,665.00) and $109.67 in

---

[7] A copy of a proposed order granting the Receiver's Second Application for Order Authorizing Payment of Fees and Expenses is attached hereto as **Exhibit F**.

costs); Semanoff Ormsby Greenberg & Torchia, LLC in the amount of $2,175.75 (comprising $2,064.00 in fees (80% of $2,580.00) and $111.75 in costs); and Kapila Mukamal, LLP in the amount of $78,681.13 (comprising $74,434.40 in fees (80% of $93,043.00) and $4,246.73 in costs).

Respectfully submitted this 27th day of July, 2020.

**DAMIAN & VALORI, LLP**
*Counsel for Melanie E. Damian, Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

*/s/ Kenneth Dante Murena*
Kenneth Dante Murena, Esq.
Florida Bar No. 147486
E-mail: kmurena@dvllp.com

*Admitted Pro Hac Vice*

9