**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN RE:
SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

        vs.

TODAY'S GROWTH CONSULTANT, INC.
(dba THE INCOME STORE)

and

KENNETH D. COURTRIGHT, III,

        DEFENDANTS.
_____/

Civil Action No. 1:19-CV-08454

**AMERICAN EXPRESS'S APPEAL OF RECEIVER'S
FINAL DETERMINATION**

        AMEX TRS Co., Inc. and American Express National Bank (collectively, "American Express") by and through their undersigned counsel, hereby appeal the Receiver's Final Determination Regarding Claim Submitted in the Receivership of Securities and Exchange Commission v. Today's Growth Consultant, Inc. (d/b/a The Income Store) by American Express and state as follows:

        1.    American Express is a creditor of Today's Growth Consultant, Inc. ("TGC").

        2.    On or about January 29, 2019, upon receipt and acceptance of the American Express Commercial Account Program Commercial Account Application submitted by TGC (the "Application and Account Agreement"), various corporate credit card accounts were opened on behalf of TGC (the "Corporate Card Accounts"). A true and correct copy of TGC's Application and Account Agreement is attached hereto as Exhibit A.

        3.    On or about November 10, 2016, upon receipt of an account application submission on behalf of TGC, Business Gold Rewards Card Account No. ending in 71006 was opened (the "Business Credit Card Account" collectively, with the Corporate Card Accounts, the "Accounts"). A true and correct copy of the relevant Cardmember Agreement for the Business

Credit Card Account (the "Business Account Cardmember Agreement") is attached hereto as Exhibit B.

4. On February 28, 2020, the Receiver filed her Motion to Approve (A) Noticing and Claims Administration Process and (B) Partial Plan of Distribution (DE 53).

5. On May 30, 2020, American Express provided Proof of Claim and Release Forms to the Receiver reflecting TGC's indebtedness to American Express as of the date of the Receivership for TGC's use of the Accounts.

6. On December 9, 2020, the Receiver filed an Unopposed Motion to Approve Revised Legal Notice of Claims Administration Process and Partial Plan of Distribution (DE 112)(the "Revised Notice"). The Revised notice was granted by the Court on December 14, 2020. The Revised Notice set the Claims Bar Date for January 14, 2021.

7. The Proof of Claim and Release Forms for the Accounts were re-sent to the Receiver on December 18, 2020[1] (the "Claims"). A true and correct copy of the Claims are attached hereto as Exhibit C and Exhibit D.

8. On February 4, 2021, American Express received the Receiver's Initial Determination which stated that American Express did not have an allowable claim against the Receivership Estate. A true and correct copy of the Receiver's Initial Determination is attached hereto as Exhibit E.

9. On March 4, 2021, American Express timely sent a request for reconsideration to the Receiver and again provided the Receiver with the Claims which reflected the nature of the debt, the amount owed to American Express as well as supporting documentation.

10. On March 15, 2021, American Express received the Receiver's Final Determination letter, disallowing American Express' claims. A true and correct copy of the Final Determination is attached hereto as Exhibit F.

11. On March 17, 2021, American Express provided a copy of the Application and Account Agreement to the Receiver.

12. On April 1, 2021, American Express provided a copy of the Business Account Cardmember Agreement to the Receiver as attached to an amendment to claim for the relevant account. See Exhibit D.

---

[1] The claim for Business Credit Card Account was subsequently amended on 4/1/21.

13. According to the Receiver's Final Determination, it appears American Express' claims were disallowed because the Receiver was unable to determine whether the credit card charges incurred on the Corporate Card Accounts were for "business use, personal use, or, …. were incurred in furtherance of the fraud perpetuated by TGC and Courtright."

14. The Application and Account Agreement for the Corporate Card Accounts specifically states that TGC is liable for any and all charges incurred on the Corporate Card Accounts. Likewise, the Business Account Cardmember Agreement states that TGC is jointly and severally liable to American Express for any and all charges incurred on the Business Credit Card Account. For these reasons, the disallowance of the Claims is inappropriate and the Claims should be allowed in full.

15. American Express made numerous attempts to reach a resolution with the Receiver prior to filing the instant appeal; however, such attempts have been unsuccessful.

16. Pursuant to the claims administration process approved by this Court, American Express is required to file its Appeal of the Receiver's Final Determination by April 4, 2021.

WHEREFORE, American Express, respectfully requests this Court grant the instant appeal and enter an Order allowing the Claims in full or, in the alternative, set this matter for a hearing, and for any such further relief as this Court deems fair, just, and equitable.

Respectfully submitted,
Attorney for American Express

Dated: 4/2/21          By:   /s/ Bruce de'Medici
                              Bruce de'Medici, Esquire
                              de'Medici Law
                              834 Forest Avenue
                              Oak Park, IL 60302