# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) TODAYS GROWTH CONSULTANT INC., ) et al., ) ) Defendants. ) | No. 19-cv-08454 Judge Andrea R. Wood |

## ORDER GRANTING RECEIVER'S MOTION
## TO APPROVE SALE OF ESTATE ASSETS

Melanie E. Damian, Esq., as Receiver ("Receiver") of Defendant Today's Growth Consultant, Inc d/b/a The Income Store ("TGC"), has filed a motion (the "Motion") for this Court to approve the Receiver's sale of the TGC's assets and all related rights free and clear of all liens, claims, interests and other encumbrances, including beneficial interests to the highest bidder at online auction sale(s) to be scheduled by the Receiver and broker, Right of the Dot, LLC.  The Court has considered the Motion, the representations of the Receiver therein, the attached Notice to interested parties and claimants, the record in this case, relevant authorities, and any objections filed, and makes the following findings and conclusions:

1. Adequate notice of the Motion has been provided to all parties in interest and/or will be provided pursuant to the additional notice approved by this Order.  This Court has jurisdiction over this matter and the property of the Receivership Estate, including without limitation the Assets as defined in the Motion.

2. On December 27, 2019 the SEC filed a complaint against TGC and Kenneth D. Courtright, III ("Courtright").  *See* ECF No. 1.  On December 30, 2019, this Court entered a

Temporary Restraining Order Freezing Assets and Imposing Other Emergency Relief [ECF No. 20] ("TRO") and an Order Appointing Receiver [ECF No. 19] ("Appointment Order") in the enforcement action ("SEC Enforcement Action"). The Appointment Order authorized and directed the Receiver to exercise full power and control over TGC including all of its assets and specifically authorized and directed the Receiver to "take such action as necessary and appropriate for the preservation of the Assets or to prevent the dissipation or concealment of Receivership Assets." ECF No. 19 at p. 4.

3. The Receiver has reasonably and appropriately determined that the best method to sell TGC's assets ("Assets") is a competitive bidding process to be conducted via online auction sale. The Receiver's selection of broker, Right of the Dot, LLC, and the accompanying terms of the online auction sale as outlined in the Receiver's Motion are reasonable and appropriate to facilitate the online auction sale of the Assets.

4. The sale of the Assets is not precluded by or contrary to any prior Order issued by the Court and no further consents by any Person (including any Governmental Authority or holder of any beneficial interest) are required to convey the Assets to the highest bidder at the conclusion of the online auction sale.

5. The form and manner of the Notice of Sale of Receivership Assets (the "Notice") to be provided to interested parties and all known claimants, as attached to and described in the Motion, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the sale and with ample opportunity to object to the sale, including to the free and clear nature of the sale.

6. The entry of this Order is in the best interests of the Receivership Estate.

In accordance with the foregoing, it is – **ORDERED** as follows:

1. The Receiver's Motion to Approve the Sale of Estate Assets is hereby granted.

2. The Receiver is hereby authorized to retain Right of the Dot, LLC to facilitate the online auction sale of the Assets and the proposed terms of the online auction sale as outlined in the Receiver's Motion are approved by this Court.

3. The results of the auction sale(s) conducted by the Receiver and Right of Dot, LLC in accordance with the procedure set forth in the Motion and approved herein are hereby approved and such sale(s) shall be free and clear of all liens, claims, interests and encumbrances that may exist on the Assets, with any such liens, claims, interests or encumbrances attaching to the Receivership Estate's share of the proceeds of the sale(s).

4. The form and manner of the Notice to be provided to interested parties as attached to and described in the Motion, are approved.

5. The date for the online auction sale of the Assets as one combined lot shall be agreed upon and scheduled by the Receiver and Right of the Dot, LLC to occur at least forty (40) days after entry of this Order. If the Assets are not sold at such online auction, the online auction sale of the Assets as separate lots shall be held at least fifteen (15) days after the date on which the original auction sale (of the one lot auction) was to take place. Once the Receiver and Right of the Dot, LLC set the auction date(s), the Receiver shall incorporate same into the Notice.

6. The Receiver is authorized and empowered to take all steps, expend such sums of money and do such other things as may be necessary to implement and effect the terms and requirements established by this Order.

7. This Order shall become effective and enforceable immediately upon entry.

8. To the extent of a conflict in the terms of the Motion and this Order, the terms of this Order shall control.

DONE AND ORDERED in the Northern District of Illinois on this 7th day of May, 2021.

_____
ANDREA R. WOOD
UNITED STATES DISTRICT COURT JUDGE

COPIES FURNISHED TO:

Counsel of Record