UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> TODAY'S GROWTH CONSULTANT, INC. : <br> (dba THE INCOME STORE) : <br> : <br> and : <br> : <br> KENNETH D. COURTRIGHT, III, : <br> : <br> Defendants. : <br> : | Civil Action No. 1:19-CV-08454 |

**JOINT STATUS REPORT PURSUANT TO COURT ORDER
DATED JULY 7, 2021 [ECF NO. 148]**

Melanie E. Damian, as Receiver ("Receiver") for Todays Growth Consultant Inc. ("TGC") and Pro Se Defendant, Kenneth D. Courtright, III, pursuant to Court Order dated July 7, 2021 [ECF No. 148], file this joint status report regarding the group of domains/websites bearing Defendant's family names (collectively, the "Domains") and hereby state as follows:

On July 7, 2021, this Court held a status conference hearing at which the Court ordered the Receiver and Defendant (jointly, the "Parties") to file a joint written statement confirming that the list of Domains has been provided to Defendant, that an attempt at conciliation regarding the turnover of these Domains to Defendant has been made, and whether the issue has been resolved. *See* ECF No. 148.

On July 7, 2021, counsel for the Receiver sent email correspondence to Defendant and provided a full list of all Domains in accordance with the Court's Order. In total, Defendant

identified twenty-eight (28) domains bearing Defendant's family names and three (3) additional domains associated with Kerri Courtright's run for public office to be all of the Domains that Defendant is requesting be transferred.

As discussed during the July 7, 2021 status conference hearing, the Receiver previously agreed to turnover to Defendant the three (3) domains associated with Kerri Courtright's run for public office. The Receiver is working with her retained IT professionals to transfer ownership of those domains to Defendant.

As for the remaining twenty-eight (28) Domains, Defendant has proposed that the Receiver transfer ownership to Defendant in exchange for Defendant's releasing any and all alleged claims that he or his family members may have against the Estate related to the sale of his personal items at the Receivership Estate's auction sales of TGC's tangible property held during the summer of 2020. The Receiver is considering Defendant's proposal and is working with counsel for the Securities and Exchange Commission ("SEC") to ensure that the SEC has no objection to said proposal. The Receiver is also working with her retained IT professionals to determine the purchase date of the Domains as well as the source of funds used to purchase and renew their annual registrations to confirm Defendant's representations at the July 7th hearing that no company funds were used to purchase the Domains and the amounts that TGC and the Estate paid to renew and maintain those domains, as this may inform the SEC's decision regarding whether to object to any turnover agreement the Receiver may propose.

As a final matter, there are several Domains that are currently hosting live websites related to Defendant's personal businesses, speaking engagements, and book sales, among other things. The Receiver and the SEC have expressed concerns that the information on these websites could be considered evidence in the SEC Enforcement Action and therefore needs to be preserved prior

to transferring ownership and control to Defendant if the Receiver ultimately agrees to do so. Further, the websites contain information related to TGC's business operations and indirect solicitations for investments in same that are germane to the allegations contained in the SEC's Complaint. It is the Receiver's position that this information should not be allowed to remain available to the public in light of the SEC Enforcement Action and the allegations contained in the SEC's Complaint, and therefore these Domains should not be transferred to the Defendant until these issues are resolved.

   The Parties will file a subsequent joint status report within two weeks or such time period as the Court may prescribe, apprising the Court of the status of their efforts to resolve the issues addressed herein.

   Respectfully submitted,

 /s/ Kennth Dante Murena         Date:  July 15, 2021
Kenneth Dante Murena
Jonathan Groth
Damian & Valori LLP
1000 Brickell Ave., Ste. 1020
Miami, FL 33131
Email:  kmurena@dvllp.com
Email:  jgroth@dvllp.com

*Attorneys for the Receiver of Defendant Todays Growth Consultant Inc.*

 /s/ Kenneth D. Courtright, III       Date:  July 15, 2021
Kenneth D. Courtright, III
Email:  ken3courtright@gmail.com

*Pro Se Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic transmission via this Court's CM/ECF filing system on July 15, 2021 on all counsel or parties who have appeared in the above-styled action.

*/s/Kenneth Dante Murena*
Kenneth Dante Murena,
*Counsel for Melanie E. Damian,*
*Court-Appointed Receiver*
