UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| TODAY'S GROWTH CONSULTANT, INC. (dba THE INCOME STORE) | : |
| | : |
| and | : |
| | : |
| KENNETH D. COURTRIGHT, III, | : |
| | : |
| Defendants. | : |
| | : |

Civil Action No. 1:19-cv-08454

**RECEIVER'S UNOPPOSED MOTION TO APPROVE SETTLEMENT AND RELEASE AGREEMENT WITH SUTTON FUNDING NY, INC. AND AUTHORIZE PAYMENT OF CONTINGENCY FEE AND COSTS TO RECEIVER'S COUNSEL**

Melanie E. Damian, Esq., the court-appointed Receiver ("Receiver") for Today's Growth Consultant, Inc. ("TGC") in the above-captioned enforcement action, files this unopposed Motion to approve the Settlement and Release Agreement (the "Settlement") entered into by and between the Receiver and Sutton Funding NY, Inc. ("Sutton Funding") and to authorize payment of the Court-approved contingency fee and costs to counsel for the Receiver, and, in support of this Motion, the Receiver states:

**BACKGROUND**

**A.      Receiver's Appointment and Authority to Pursue Claims**

On December 30, 2019, this Court entered a Temporary Restraining Order Freezing Assets and Imposing Other Emergency Relief [ECF No. 20] ("TRO") and an Order Appointing Receiver [ECF No. 19] ("Appointment Order") in the above-captioned SEC enforcement action

1

(the "SEC Action"). The TRO ordered all of the Defendants' assets frozen to preserve the *status quo*. *See* ECF No. 20 at 6-7. Further, the TRO ordered the preservation of all Defendants' documents, books and records concerning (1) the allegations of the Complaint, (2) any securities offered for sale by TGC, including, but not limited to Consulting Performance Agreements, and (3) any communications with, between, or among either Defendant. *See* ECF No. 20 at 7-8.

The Receiver's mandate was to take all actions necessary to implement the terms of the TRO by, among other things, taking possession, custody and control of all of Defendants' assets, establishing control of TGC's business, ensuring that Defendants' assets were frozen and preventing their withdrawal or misapplication, obtaining and preserving documents and records pertaining to Defendants' assets, transactions, and business operations, and performing all acts necessary to protect and preserve the Receivership Estate. *See* ECF No. 19 at 2-4.

On March 2, 2020, the Court entered two separate stipulated preliminary injunction orders in the SEC Action, titled Order Imposing Preliminary Injunction Freezing Assets and Granting Other Relief [ECF Nos. 55, 56] (collectively, the "PI Orders") against Defendants TGC and Kenneth D. Courtright, III, which shall remain in effect until the Court's determination of the merits of the allegations set forth in the SEC's Complaint or further order of the Court.

B.      Receiver's Claims against Sutton Funding NY, Inc.

Upon reviewing and analyzing the financial records of TGC, the Receiver discovered that from May 2019 through November 2019, within the time period that TGC was perpetrating its Ponzi scheme, TGC improperly transferred a total of $100,000 (the "Sutton Funding Transfers") to Sutton Funding NY, Inc. The Receiver alleged that Sutton Funding received the transfers without providing reasonably equivalent value to TGC in exchange for the transfers. The source of the Sutton Funding Transfers was payments to TGC from the investors that TGC

had defrauded. Accordingly, the Receiver filed an action stating claims against Sutton Funding for fraudulent transfer and unjust enrichment and seeking the return of the transferred funds, in the action styled *Damian v. EIN Cap Inc., et al.,* Case No. 1:21-cv-01792, pending in the United States District Court for the Northern District of Illinois.

Thereafter, the parties participated in a settlement conference with Magistrate Judge Jeffrey T. Gilbert. The Receiver negotiated with Sutton Funding in good faith and agreed to amicably resolve all of her claims against it to avoid the uncertainties and expense of further litigation.

### THE SETTLEMENT AGREEMENT WITH SUTTON FUNDING NY, INC.

The Receiver and Sutton Funding, subject to this Court's approval, have entered into a settlement agreement (the "Settlement"), a copy of which is attached hereto as **Exhibit A**. Pursuant to the terms of the Settlement, the Receiver and Sutton Funding agree that Sutton Funding shall pay to the Receiver a total amount of $55,000 (USD) (the "Settlement Amount"), with an initial payment of $15,000 (USD) (the "Initial Payment") within fourteen (14) days after this Court's approval of the Settlement and a payment of $5,000 (USD) per month for eight (8) months starting on the thirtieth (30th) day after the Initial Payment and every subsequent thirtieth (30th) day. In exchange for payment of the Settlement Amount, Sutton Funding shall receive a release of the Receiver's claims against Sutton Funding. This description of the Settlement is included here for summary purposes only and not intended to constitute a full recitation of the terms of the Settlement. A review of this description or this Motion should not be a substitute for a review of the complete Settlement. *See* **Exhibit A**.

### REQUEST TO PAY CONTINGENCY FEES AND COSTS
### TO COUNSEL FOR RECEIVER PURSUANT TO ORDER

Pursuant to the Court's November 5, 2020, Order Granting Receiver's Motion for

Approval of Contingency Fee Arrangement [ECF 103], the Receiver requests the Court authorize and approve payment to the Receiver's counsel for contingency fees and out-of-pocket expenses advanced in connection with prosecuting the claims against Sutton Funding immediately upon receiving from Sutton Funding the Initial Payment and each subsequent monthly payment due under the Settlement, without further order of the Court.

Specifically, the Receiver requests the Court enter an Order authorizing payment to Damian & Valori LLP from the Settlement Amount in the amount of $18,414.32 (comprising $18,150.00 in fees (33% of $55,000) and $264.32 in costs (comprising $44.66 for the portion of the filing fee attributable to Sutton Funding, $105.00 fee for service of the Summons and Complaint, and $114.66 in additional costs)). In particular, the Receiver request authority to pay to Damian & Valori LLP 100% of these costs and 33% of the $15,000 Initial Payment immediately upon receiving that payment from Sutton Funding, and 33% of the subsequent $5,000 monthly payments immediately upon receiving each such payment from Sutton Funding, without further order of this Court.

## CERTIFICATION OF CONFERENCE

Undersigned counsel for the Receiver hereby certifies that he conferred with counsel for Plaintiff, the Securities and Exchange Commission, and Defendant Kenneth D. Courtright, regarding the terms of the Settlement and asked that they confirm whether they have any objections thereto. Counsel for Plaintiff and Defendant Courtright confirmed that they have no objections to the Settlement.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that the Court: (A) enter the proposed order, attached hereto as **Exhibit B**, approving the Settlement and

authorizing the Receiver to pay the 33% contingency fees and 100% of the out-of-pocket expenses described above to counsel for the Receiver immediately upon receiving the settlement payments from Sutton Funding, without further order of the Court; and (B) grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of September, 2021.

/s/Kenneth Dante Murena
Kenneth Dante Murena, Esq.
Florida Bar No.: 147486
*Admitted Pro Hac Vice and*
*General Admission to N.D. Ill.*

DAMIAN & VALORI LLP
*Counsel for Melanie E. Damian,*
*Court-Appointed Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965
Email: kmurena@dvllp.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 2nd day of September 2021, I electronically filed with Court using the CM/ECF system the foregoing Motion upon all counsel of record and parties who have appeared in this case and are registered to receive electronic notice of all court filings.

/s/Kenneth Dante Murena
Kenneth Dante Murena, Esq.
*Counsel for Melanie E. Damian,*
*Court-Appointed Receiver*

*Admitted Pro Hac Vice and*
*General Admission to N.D. Ill.*

5