## SETTLEMENT AND RELEASE AGREEMENT BY AND BETWEEN MELANIE E. DAMIAN, ᴀS RECEIVER OF TODAY'S GROWTH CONSULTANT, LLC AND SUTTON FUNDING NY, INC.

THIS SETTLEMENT AND RELEASE AGREEMENT (the "Settlement") is made and entered into by and between **Melanie E. Damian**, as Receiver (the "Receiver") of Today's Growth Consultant, LLC, and **Sutton Funding NY, Inc.** ("Defendant") (the Receiver and Defendant are each a "Party" and are collectively the "Parties").

### I.   RECITALS

A.     WHEREAS, on December 30, 2019, the United States Securities and Exchange Commission filed an action against Today's Growth Consultant, LLC ("TGC") and its principal Kenneth D. Courtright, III ("Courtright") (collectively, the "Receivership Defendants") in the United States District Court for the Northern District of Illinois (the "Receivership Court") styled *United States Securities and Exchange Commission v. Today's Growth Consultant, LLC, et al.*, Case No. 1:19-cv-08454 (the "SEC Enforcement Action").

B.     WHEREAS, on December 30, 2019, the Receivership Court in the SEC Enforcement Action entered a Temporary Restraining Order Freezing Assets and Imposing Other Emergency Relief (the "TRO"), which, among other things, made preliminary findings that the Receivership Defendants had violated various sections of the Securities Exchange Act and Rules promulgated thereunder. Further, the Receivership Court entered an Order Appointing Receiver, which appointed the Receiver as equity receiver of TGC and directed and authorized her to, among other things, "bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver[,]" and "pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates." Such actions include, without limitation, fraudulent transfer actions to recover transfers that TGC had made to insiders, affiliates and third parties without receiving reasonably equivalent value and, thereby, increasing the value of the Receivership Estate for the benefit of the investors who allegedly had been defrauded by the Receivership Defendants.

C.     WHEREAS, on March 2, 2020, the Receivership Court entered two separate stipulated preliminary injunction orders titled Order Imposing Preliminary Injunction Freezing Assets and Granting Other Relief (collectively, the "PI Orders") against each of the Receivership Defendants, TGC and Courtright, extending the relief granted in the TRO.

D.     WHEREAS, the Receiver reviewed and analyzed the financial records of the Receivership Defendants and discovered that the Receivership Defendants had made a total of $100,000 in transfers to Defendant (the "Transfers").

E.     WHEREAS, pursuant to the TRO, the Appointment Order and the PI Orders, the Receiver commenced an action styled *Melanie E. Damian, as Receiver v. EIN CAP, Inc., et al.*, Case No. 1:21-cv-01792 (the "Fraudulent Transfer Action"), in the United States District Court for the Northern District of Illinois (the "District Court"), stating claims for fraudulent transfer and

unjust enrichment against Defendant, and similar and additional claims against the other defendants, and seeking to recover the Transfers from Defendant for the benefit of the investors the Receivership Defendants allegedly had defrauded.

F.     WHEREAS, in July and August 2021, the Receiver and her legal counsel and Defendant and its legal counsel negotiated, in good faith, a settlement of the Receiver's claims against Defendant in the Fraudulent Transfer Action and any and all other disputes by and between the Parties, including, but not limited to, any disputes associated with the Transfers, which settlement provides for a payment by Defendant and other terms and conditions, as more fully set forth below.

**NOW THEREFORE**, in consideration of the mutual promises, exchanges and forbearances set forth below, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

## II.    GENERAL PROVISIONS

A.     **Approval**: The parties acknowledge and agree that this Settlement is subject to the approval of the Receivership Court and, therefore, will not be binding until such approval has been granted (the "Approval").

B.     **Recitals** The Parties acknowledge and agree that the Recitals set forth hereinabove are integral terms, are true, accurate and correct and are hereby incorporated into this Settlement and are not mere surplussage.

C.     **Settlement Amount and Payment:** Defendant will pay to the Receiver a total of Fifty Five Thousand Dollars (USD) ($55,000.00) (the "Settlement Amount") as set forth below:

i.     Defendant will pay to the Receiver Fifteen Thousand Dollars ($15,000.00) (the "Initial Payment") within 14 days after the Approval;

ii.    Defendant will pay to the Receiver Five Thousand Dollars ($5,000.00) per month for eight (8) months starting on the thirtieth (30th) day after the Initial Payment and then every subsequent thirtieth (30th) day. If such thirtieth day is a weekend or a bank holiday, the payment shall be due on the following business day.

Payment of the Settlement Amount to the Receiver shall be by wire transfer to the Receiver's fiduciary account for the Receivership Estate, which the Receiver shall provide no later than contemporaneously with the execution of this Settlement.

D.     **Failure to Pay Settlement Amount**: Defendant agrees that if he fails to make full payment of the Settlement Amount as set forth above, then, after a five (5) day cure period, the Receiver shall be entitled to the immediate entry in the District Court of a consent judgment in the amount of Fifty Five Thousand Dollars ($55,000.00) less any amounts paid by Defendant to the

Receiver through the date of entry of the consent judgment. The Receiver may seek entry of such judgment upon application to Magistrate Judge Jeffrey T. Gilbert in the form of a verified motion, with notice to Defendant and Defendant's counsel and without a hearing.

E.     **Conditions for Release**: In consideration of Defendant's making the Initial Payment required herein, the Receiver will release and discharge Defendant, its affiliates, parents, subsidiaries, members, officers, and employees from any and all claims, demands, obligations, actions, causes of action, rights, damages, punitive damages, attorneys' fees, costs, expenses and compensation of any nature which the Receiver now has or which may hereafter accrue or otherwise be acquired against Defendant, regardless of whether any other information obtained by the Receiver after the date of this Settlement substantiates any additional claims or causes of action the Receiver could have brought against Defendant. This release does not include, and specifically excludes, any claims the Receiver has or may have against Defendant for, or any rights of the Receiver based on, any breach of this Settlement, including without limitation the right to entry of the consent judgment as set forth in Section II.D. above, which claims and rights are **not** released, waived or discharged. Receiver also retains all rights to any proceedings supplementary to enforce the consent judgment, including any claims to assets transferred during the 8-month period following the Approval

F.     **No Admission of Liability**: Nothing herein shall be construed as an admission of liability by Defendant, any such liability being expressly disputed and denied, and shall never be construed as an admission(s) by Defendant.

G.     **Non Disparagement**: No Party hereto shall, directly or indirectly, in any communication with any person or entity, make any derogatory, disparaging or negative statements, orally, written or otherwise, about any of the other Parties to this Settlement, including any Party's managers, directors, officers and employees, as applicable, or aiding or participating in any way with any third party or third-party media outlet in the publication of any such derogatory, disparaging or negative statements, including but not limited to anything relating to the subject matter of any claims, allegations, or factual matters at issue in the Fraudulent Transfer Action. Nothing herein shall prevent any Party from testifying truthfully in connection with any litigation, arbitration or administrative proceeding when compelled by subpoena, regulation or court order to do so, or from truthfully describing the involvement of the other Party with the subject matter of the Fraudulent Transfer Action in any court filing or discovery response submitted in that Action.

## III.     WARRANTY OF CAPACITY TO EXECUTE SETTLEMENT

The Parties represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Settlement; that the Receiver has the sole and exclusive right to receive sums specified in it; and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement.

3

## IV.    WARRANTY OF SOLVENCY

In order to induce the Receiver to enter into this Settlement, Defendant represents and warrants that it is not presently insolvent, that payment of the Settlement Amount will not render it insolvent, and that it does not intend to file for relief under any section of the United States Bankruptcy Code during the 8-month perid following the Approval or the Ninety Day (90) day period following payment in full of the Settlement Amount. The Receiver reasonably relied upon such representations and warranties of Defendant in entering into this Settlement.

## V.    ENTIRE AGREEMENT AND SUCCESSORS-IN-INTEREST

The Parties agree that this Settlement contains the entire agreement between the Receiver and Defendant with regard to the matters set forth in it, and shall be binding upon and inure to the benefit of their respective successors and assigns. There are no other understandings or agreements, verbal or otherwise, in relation thereto between the Parties, except as herein expressly set forth. There have been no representations not set forth herein that the Parties have relied upon when entering into this Settlement.  Should any provision of this Settlement require interpretation or construction, the parties agree that all Parties have participated in the drafting of this document and no presumption regarding construing the document against one Party shall apply.

## VI.    PARTIES' OPPORTUNITY TO BE REPRESENTED BY COUNSEL

The Parties acknowledge that each has had the opportunity to consult with the attorney of their choice.  Furthermore, each Party to this Settlement represents and warrants that they are entering into this Settlement of their own free will, without having been subjected to any form of duress or coercion of any kind.

## VII.    ATTORNEYS' FEES

In any action brought to enforce the terms of this Settlement, the prevailing Party shall be entitled to recover its reasonable attorneys' fees and costs including expert witness fees incurred in seeking the enforcement of the terms of this Settlement and any proceedings supplementary necessary for execution of the consent judgment, as set forth in Section II.D. above, should one be entered.

## VIII.    EXECUTION

This Settlement may be executed in counterparts, and such execution shall be valid and

4

binding on the Parties.

## IX.   SEVERABILITY

In the event any provision of this Settlement is found to be invalid by any court of law, the remaining provisions of the Settlement shall remain valid and binding on the Parties.

## X.   JURISDICTION AND VENUE FOR LITIGATION OF DISPUTES

In the event of a dispute as to the interpretation, enforcement, application or violation of this Settlement, it is understood and agreed that the District Court, and Magistrate Judge Jeffrey T. Gilbert in particular, shall have exclusive jurisdiction, and be the exclusive venue, in which to resolve such dispute. In addition, the Parties specifically agree that Magistrate Judge Jeffrey T. Gilbert shall have the authority to enter the consent judgment upon application by the Receiver as set forth herein, and to award to the prevailing party attorneys' fees and costs incurred in connection with the enforcement of this Settlement and in any proceedings supplementary necessary for execution of the consent judgment.

## XI.   CONSTRUCTION BY STATE LAW

This Settlement shall be governed by, construed, and enforced in accordance with the laws of the State of Illinois to the extent state law is applicable, without giving effect to principles of conflicts of law.

AGREED TO BY:

SUTTON FUNDING NY, INC.

By: _____

Date: __8/31/2021__

MELANIE E. DAMIAN, AS RECEIVER FOR TODAY'S GROWTH CONSULTANTS, LLC

By: _____

Date: __8.27.2021__