UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TODAY'S GROWTH CONSULTANT, INC. (d/b/a THE INCOME STORE),<br><br>and<br><br>KENNETH D. COURTRIGHT, III,<br><br>Defendants. | Civil Action No. 1:19-CV-08454<br><br>Hon. Andrea R. Wood |

**RECEIVER'S EIGHTH INTERIM APPLICATION FOR AN
ORDER APPROVING AND AUTHORIZING PAYMENT OF FEES
AND EXPENSES OF RECEIVER AND HER PROFESSIONALS**

Melanie E. Damian, Esq., the court-appointed receiver ("Receiver") in the above-captioned United States Securities and Exchange Commission (the "SEC") enforcement action, files her eighth interim application (the "Application") seeking the Court's (a) approval of all of the fees and costs that the Receiver and her professionals incurred for the period from October 1, 2021, through December 31, 2021 (the "Application Period"); and (b) authorization to pay 80% of the fees (with a 20% holdback) and all of the costs from funds held in the receivership estate (the "Estate") when sufficient funds are available in the Estate to pay such amounts. In support of her Application, the Receiver states as follows:

I.  **SUMMARY**

During the Application Period, the Receiver and her professionals worked diligently to carry out the duties and responsibilities of the Receiver pursuant to the Order Appointing Receiver [ECF No. 19] (the "Receivership Order"), the Temporary Restraining Order Freezing Assets and Imposing Other Emergency Relief [ECF No. 20] (the "TRO"), and the Stipulation and Order Imposing Preliminary Injunction Freezing Assets and Granting Other Relief [ECF No. 56] (the "Preliminary Injunction"). All such work is described in detail in the Receiver's Eighth Status Report filed with the Court on January 31, 2022. *See* ECF No. 184.

In performing this work, the Receiver and her lead counsel in Florida, Damian & Valori LLP ("Lead Counsel"), incurred $77,686.50 in fees and $434.33 in costs. And, the Receiver's local counsel in the Northern District of Illinois, Rachlis Duff & Peel, LLC ("Illinois Counsel"), incurred $1,688.00 in fees.[1] Further, the Receiver's forensic accountant and financial and tax consultant, Kapila Mukamal LLP (the "Forensic Accountant"), incurred $9,905 in fees and $8.24 in costs. As explained in further detail below, the Receiver and most of her professionals capped their hourly rates for this matter at $290 representing a reduction by as much as forty-seven percent (47%), and reduced their fees incurred during the Reporting Period by more than twenty-three (23%).[2]

The foregoing fees and costs were necessary and reasonable to fulfill the Receiver's duties and responsibilities pursuant to the Receivership Order and the TRO. As detailed in the Receiver's previous two fee applications covering the total period from October 1, 2020 through September

---

[1] Illinois Counsel has agreed to write-off all legal fees incurred during the month of December 2021 totaling $1,584.00 and is not seeking payment of this amount.

[2] The reduced hourly rates of the Receiver and her professionals and paraprofessionals are set forth in Section V, *infra*.

30, 2021 [ECF Nos. 74, 172], the Receiver and her professionals have completed a significant portion of the Receivership work earlier than is normal in an equity receivership arising from an SEC enforcement action in which a permanent injunction has not yet been entered against Defendants, including (i) formulating and implementing the claims process, (ii) processing claims, making final determinations of claims, and responding to requests for reconsideration and appeals, (iii) making distributions to claimants with allowed claims (who elected to receive websites in lieu of monetary distributions) by transferring a substantial number of digital assets (including websites, domains and affiliated social media and marketing accounts), thereby providing value to, and reducing the claims of, investors by more than $8 million, (iv) marketing, establishing and holding public auctions and private sales for, and selling the remaining websites of the Estate, and (v) gathering and analyzing voluminous financial records and performing the extensive forensic accounting work necessary to accomplish all of the foregoing work.  In addition, the Receiver and her professionals identified, investigated and formulated claims against several insiders, affiliates and third parties that received significant improper transfers from, and/or facilitated the fraud operated by TGC, pursued those claims on a contingency fee basis, secured settlements that have resulted or will result in recoveries totaling $834,526.08, and continue to pursue claims against other parties seeking to recover much larger sums.  The Receiver remains hopeful that these actions will result in the recovery of sufficient funds to pay all outstanding and future administrative expenses of the Estate and make a monetary distribution to claimants who did not elect to receive websites to compensate them for their losses.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

### A. Appointment of Receiver and Employment of Professionals

On December 30, 2019, this Court entered the Receivership Order [ECF No. 19], appointing Melanie E. Damian, Esq. as Receiver of Today's Growth Consultant, Inc. d/b/a The Income Store ("TGC" or the "Receivership Defendant").[3] The Receivership Order authorizes the Receiver "[t]o engage and employ persons in her discretion to assist her in carrying out her duties and responsibilities hereunder, including, but not limited to, accountants, attorneys. . . ." *See* Receivership Order [ECF No. 19] at ¶ 8(G). The Receiver, however, must seek Court approval prior to retaining any personnel. *See* Receivership Order [ECF No. 19] at ¶61. Accordingly, the Receiver sought authorization to employ various professionals, including Lead Counsel, Illinois Counsel, the Forensic Accountant, and others. On January 13, 2020, this Court entered an order approving the Receiver's application to employ Lead Counsel, Illinois Counsel and other professionals. *See* ECF No. 30. And on January 30, 2020, the Court approved the Receiver's application to employ the Forensic Accountant. *See* ECF No. 42.

### B. Compensation and Reimbursement of Expenses

Pursuant to the Receivership Order, the Receiver and her court-approved professionals are entitled to reasonable compensation for services rendered and reimbursement of expenses incurred in connection therewith. *See* Receivership Order [ECF No. 19] at ¶62. To receive such compensation and reimbursement, the Receiver is required to, within forty-five (45) days after the end of each calendar quarter, file with the Court an application for payment from the Receivership Estate of the fees and costs incurred by the Receiver and her court-approved professionals during

---

[3] Capitalized terms herein not otherwise defined are given the definition ascribed to such terms in the Court's Orders.

4

the prior calendar quarter. *See* Receivership Order [ECF No. 19] at ¶ 63. Accordingly, the Receiver files this application for payment of fees and costs (the "Fee Application") seeking the Court's approval of all of the fees and costs that the Receiver and her professionals incurred during the three-month Application Period, and authorization to pay 80% of the fees (with a 20% holdback) and 100% of the costs when sufficient funds are available in the Estate to pay such amounts.

### III. CASH ON HAND AND REVENUES OF THE RECEIVERSHIP DEFENDANT DURING THE APPLICATION PERIOD

As of the end of the Application Period, the Receiver held a total of $237,961.23 in cash-on-hand in her fiduciary account for the Receivership Estate at City National Bank in Miami, Florida. These funds comprised revenues from the business operations, and the balances in accounts, of the Receivership Defendant during the Application Period. *See* Receiver's Eighth Status Report [ECF No. 184]. As of the filing of this Application, the Estate holds cash-in-hand in the amount of $ 412,334.31.

The SEC's Standardized Fund Accounting Report (the "SFAR") for the Application Period is attached hereto as **Exhibit A**. Further, a full summary of the receipts and disbursements of the Estate as of the end of the Application Period is set forth in Section V of the Receiver's Eighth Status Report. *See* ECF No. 184.

### IV. WORK PERFORMED BY THE RECEIVER AND HER PROFESSIONALS DURING THE APPLICATION PERIOD

The Receiver's Eighth Status Report describes in detail the work performed by the Receiver and her professionals during the Application Period. *See* ECF No. 184. The complete time records for such work are set forth in the invoices attached hereto as **Exhibits B through D.** In particular, the time records describing the work performed by the Receiver and Lead Counsel

are set forth in the invoices attached hereto as **Exhibit B**. Further, the time records for the work performed by Illinois Counsel are set forth in the invoices attached hereto as **Exhibit C**. Finally, the time records for the work performed by the Forensic Accountant are set forth in the invoices attached hereto as **Exhibit D**.

V.     **REDUCED HOURLY RATES AND FEES**

As explained above, the Receiver, Lead Counsel and the Forensic Accountant capped their hourly rates at $290 for this matter in accordance with the agreement between the Receiver and the SEC.[4] And, Illinois Counsel capped its hourly rates at $440. The foregoing caps represent significant reductions from the standard hourly rates of the Receiver and her professionals and has resulted and will continue to result in significant savings for the Receivership Estate.[5] In fact, the Receiver and her Lead Counsel reduced their rates by as much as 47% and her Forensic Accountant reduced its rates by as much as 41%.

In addition to significantly reducing their hourly rates, the Receiver and her Lead Counsel reduced the fees they incurred during the Application Period by approximately $18,463.50 (23.77%). And, neither the Receiver nor her professionals billed for the time expended while traveling, preparing this Fee Application, preparing and finalizing their invoices, or addressing the parties' questions, concerns and objections to the Receiver's fees. As a result of the reduced rates

---

[4] While the Forensic Accountant capped its hourly rates at $290 for general forensic accounting and financial consulting work, any expert witness and tax consulting services it may be asked to provide will be billed at its standard hourly rates.

[5] For example, the Receiver's and her Lead Counsel's hourly rates have been reduced as follows:

| | |
|---|---|
| a) Partners (including Receiver) – | From $500-$550 reduced to $290 |
| c) Of Counsel – | From $350-$550 reduced to $275-$285 |
| d) Associate Attorneys – | From $175-$350 reduced to $150-$255 |
| e) Non-attorney professionals – | From $125-$175 reduced to $75-$150 |

6

and fees, the blended hourly rate (total fees incurred divided by total hours expended) for the Receiver and Lead Counsel during the Application Period was only $215.50.[6]

## VI. REQUEST FOR FEES AND COSTS

As set forth in paragraphs 62 and 63 of the Receivership Order, the Receiver is authorized to seek compensation for her activities and those of her retained professionals. *See* ECF No. 19. Accordingly, by this Application, the Receiver is seeking this Court's approval of all of the fees and costs incurred by the Receiver and her professionals during the Application Period, and authorization to pay from the funds in the Estate 80% of such fees (with a holdback of 20% of the fees) and 100% of such costs when sufficient funds are available in the Estate to pay such amounts.

As reflected in the attached invoices, the total amount of fees and costs incurred by the Receiver and each of her professionals during the Application Period (October 1, 2021 through December 31, 2021) is as follows:

a. The Receiver and Damian & Valori, LLP incurred fees and costs totaling $78,120.83 (including $77,686.50 in fees and $434.33 in costs). *See* **Exhibit B**.

b. Rachlis Duff & Peel, LLC (Illinois Counsel) incurred fees and costs totaling $1,688.00 (including $1,688.00 in fees and no costs). *See* **Exhibit C**.

c. Kapila Mukamal LLP (Forensic Accountant) incurred fees and costs totaling $9,913.24 (including $9,905.00 in fees and $8.24 in costs). *See* **Exhibit D**.

---

[6] The blended hourly rates for the Receiver's other professionals were as follows:

 a) Illinois Counsel: $397.07;
 b) Forensic Accountant: $254.63.

## VII. CERTIFICATION OF CONFERENCE

Undersigned counsel for the Receiver hereby certifies that he provided the attached invoices to counsel for the SEC and to Defendant Courtright prior to filing this Fee Application. Counsel for the SEC informed undersigned counsel that they object to the relief requested herein. As stated in the Joint Status Reports filed January 28, 2022 and February 11, 2022, the Receiver and SEC have reached an agreement in principle relating to the Receiver's pending and future fee applications, including this Fee Application. The Receiver and SEC have asked for an extension of time until February 18, 2022, to present the terms of their agreement in writing, for Court approval. Courtright does not object to the relief requested herein.

## VIII. CERTIFICATION OF RECEIVER

The undersigned certifies that:

(a) I have read this Application;

(b) to the best of my knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate;

(c) all fees contained in the Application are based on the rates listed in the Exhibits attached hereto and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed;

(d) I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission);

(e) in seeking reimbursement for a service which I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier,

computerized research, or title and lien searches), I require reimbursement only for the amount billed to me by the third-party vendor and paid by me to such vendor. To the extent that such services were performed by me as Receiver, I certify that I am not making a profit as Receiver on such reimbursable service; and

(f) I have not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

Respectfully submitted and certified,

        /s/Melanie E. Damian
        MELANIE E. DAMIAN, RECEIVER

WHEREFORE, Melanie E. Damian, as Receiver, respectfully requests that the Court enter an Order:[7]

(a) approving the total amount of fees and costs for the Application Period of: the Receiver and Lead Counsel, Damian & Valori LLP, in the amount of $78,120.83; Illinois Counsel, Rachlis Duff & Peel, LLC, in the amount of $1,688.00; and Forensic Accountant, Kapila Mukamal, LLP, in the amount of $9,913.24;

(b) authorizing payment of 80% of the fees and 100% of the costs to: Damian & Valori LLP in the amount of $62,583.53 (comprising $62,149.20 in fees (80% of $77,686.50) and $434.33 in costs); Rachlis Duff & Peel, LLC in the amount of $1,350.40 (comprising $1,350.40 in fees (80% of $1,688.00) and no costs); and

---

[7] A copy of a proposed order granting the Receiver's Eighth Application for Order Authorizing Payment of Fees and Expenses is attached hereto as **Exhibit E**.

Kapila Mukamal, LLP in the amount of $7,932.24 (comprising $7,924.00 in fees (80% of $9,905.00) and $8.24 in costs).

(c) authorizing payment of such fees and costs upon the Receivership Estate's receipt of the proceeds of the sale of the Estate's assets and the net recoveries from the actions the Receiver brought against insiders, affiliates and third parties, without further Court order.

Respectfully submitted this 14th day of February, 2022.

**DAMIAN & VALORI, LLP**
*Counsel for Melanie E. Damian, Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

*/s/Kenneth Dante Murena*
Kenneth Dante Murena, Esq.
Florida Bar No. 147486
E-mail: kmurena@dvllp.com

*Admitted Pro Hac Vice and*
*General Admission to N.D. Ill.*

## CERTIFICATE OF SERVICE

I HEARBY CERTIFY that a true and correct copy of the foregoing was served via electronic transmission via this Court's CM/ECF filing system on February 14, 2022 on all counsel or parties who have appeared in the above-styled action.

*/s/Kenneth Dante Murena*
Kenneth Dante Murena, Esq.
*Counsel for Melanie E. Damian,*
*Court-Appointed Receiver*
(*Admitted Pro Hac Vice and*
*General Admission to N.D. Ill.*)