UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> TODAY'S GROWTH CONSULTANT, INC. : <br> (dba THE INCOME STORE) : <br> : <br> and : <br> : <br> KENNETH D. COURTRIGHT, III, : <br> : <br> Defendants. : <br> : | Civil Action No. 1:19-cv-08454 |

**RECEIVER'S RESPONSE TO DEFENDANT KENNETH D. COURTRIGHT, III'S
MOTION FOR AN ORDER REQUIRING THE RECEIVER TO CARRY OUT
CERTAIN LEGALLY OBLIGATED ACTIONS [ECF NO. 185]**

Melanie E. Damian, the court-appointed receiver ("Receiver") in the above-captioned enforcement action, hereby files this Response to Defendant Kenneth D. Courtright, III's Motion for An Order Requiring the Receiver to Carry Out Certain Legally Obligated Actions [ECF No. 185], and in support thereof states as follows:

On February 3, 2022, Defendant Kenneth D. Courtright, III ("Courtright"), filed a Motion for an order requiring the Receiver to provide Courtright with a K-1 form for the tax year 2019 and to recognize as investors in Today's Growth Consultant, Inc. dba The Income Store ("TGC") Tad Christensen, as Trustee of the Beverly J. Christensen Irrevocable Trust dated October 4, 2004, Tad Christensen as Trustee of the Raymond H. Christensen Irrevocable Trust dated August 19, 2003, Tad Christensen, as the Trustee of the 7800 Drew Avenue Irrevocable Trust, and Tad Christensen, as an individual. *See* ECF No. 185.

Regarding Courtright's request in Paragraph 1 of his Motion to provide a K-1 form for the tax year 2019, the Receiver is not in possession of any such document because the Receiver and her retained professionals did not prepare a K-1 for TGC for the year 2019, nor was such form among TGC's documents over which the Receiver gained control after she was appointed on December 30, 2019. Based upon the advice of the Receiver's retained accountants and the general unreliability of TGC's financial records, the Receiver formed a Receivership entity upon her appointment and filed tax returns and related tax documents for the Receivership entity beginning in the tax year 2020 rather than filing tax returns and related documents (such as K-1s) for TGC based on unreliable records for the year prior to her appointment. As such, the Receiver is unable to produce the document that Courtright requested in his Motion.

Regarding Courtright's request in Paragraph 2 of his Motion to recognize as investors of TGC Tad Christensen as the trustee of various trusts and individually, the Receiver sent notice of the Court-approved claims process to all known investors/site partners of TGC, based on her review and investigation of TGC's operations and records, which do not reflect that Tad Christensen, as trustee or individually, is an investor or site partner of TGC. Further, Courtright was aware of the claims process and received a copy of the Court-approved notice and proof of claim form and could have forwarded them to Mr. Christensen to fill out and submit to the Receiver, but Mr. Christensen did not submit a claim or otherwise contact the Receiver seeking to participate in the claims process or be recognized as an investor of TGC by or after the January 14, 2021 claims bar date.[1]

---

[1] The Receiver searched through all completed claim forms received as part of the Court-approved claims process and confirmed that she did not receive a completed claim form from or on behalf of Tad Christensen, as trustee or individually, or any entity associated with him or the various trusts referenced in the Motion.

The Receiver is not aware of any duty or obligation set forth by the *Order Appointing Receiver* [ECF No. 19], any other Order of this Court, or any applicable law that requires her to "recognize" any individual (or trustee) as an investor of TGC, especially given the minimal information provided in the Motion regarding such individual and his involvement with TGC.

Nevertheless, in the event Mr. Christensen was unaware of the claims process and would like to submit a claim or claims (with the required documentation) as trustees or individually, the Receiver will agree to process such claim(s) and make a determination regarding whether he, as trustees or individually, are investors and have allowed claims. Otherwise, the Receiver will be unable to recognize Mr. Christensen as requested in Paragraph 2 of Courtright's Motion.

This 14th day of February, 2022.

        Respectfully submitted,

**DAMIAN & VALORI, LLP**
*Counsel for Melanie E. Damian, Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

*/s/ Kenneth Dante Murena*
Kenneth Dante Murena, Esq.
Florida Bar No. 147486
E-mail: kmurena@dvllp.com

*Counsel for Melanie E. Damian,*
*Court-Appointed Receiver*
*Generally admitted in the N. Dist. Of Ill.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic transmission via this Court's CM/ECF filing system on February 14, 2022 on all counsel or parties who have appeared in the above-styled action.

/s/Kenneth Dante Murena
Kenneth Dante Murena, Esq.
*Counsel for Melanie E. Damian,*
*Court-Appointed Receiver*

*Admitted Pro Hac Vice*