IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TODAYS GROWTH CONSULTANT INC. (dba "The Income Store')<br><br>and<br><br>KENNETH D. COURTRIGHT, III,<br><br>Defendants. | No. 1:19-cv-08454<br><br>The Honorable Andrea R. Wood<br><br>Magistrate Judge Jeffrey Cummings |

**STIPULATION AND ORDER**
**CONCERNING RECEIVER'S INTERIM FEE APPLICATIONS**

Melanie E. Damian, Esq., as Receiver for Todays Growth Consultants Inc. ("Receiver"), and Plaintiff Securities and Exchange Commission ("SEC"), stipulate and agree, subject to the Court's approval, to a framework for resolving (i) the Receiver's Fourth, Fifth, and Sixth Interim Fee Application, dated November 1, 2021 (ECF No. 174), (ii) the Receiver's Seventh Interim Fee Application, dated January 28, 2022 (ECF No. 182), (iii) the Receiver's Eighth Interim Fee Application, dated February 14, 2022, and (iv) any fee applications required to be filed by the Receiver on a going forward basis, until such time as the Receiver files a final fee application:

**The Order Appointing the Receiver**
**And the Status of Payments Pursuant to that Order**

1. On December 30, 2019, the Court entered an Order appointing Melanie E. Damian, Esq. as Receiver of Todays Growth Consultant Inc. d/b/a/ The Income Store ("Receivership Order"). ECF No. 19.

2. The Receivership Order provides, in Paragraph 62, that the Receiver and her court-ordered professionals are entitled to reasonable compensation and expense reimbursement from the receivership estate (the "Estate"), as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the [SEC]" ("Billing Instructions"). *Id.*

3. Pursuant to Paragraph 63 of the Receivership Order, and the Billing Instructions, the Receiver and her court-ordered professionals are required to apply to the Court for compensation and expense reimbursement quarterly, within forty-five days after the end of each calendar quarter, and to provide the SEC with a draft of the application and supporting invoices thirty days in advance of the filing. The Receiver is required, pursuant to Paragraphs 64 and 65 of the Receivership Order, to holdback 20% of the requested fees until the Receiver's final fee application, which is to be submitted at the close of the receivership. *Id.*

4. To date, the Receiver and her court-appointed professionals have been paid $499,248.27 for their work administering the Estate from December 26, 2019 through September 30, 2020. ECF Nos. 96, 97, 111 (orders approving first, second, and third interim fee applications). This amount represents 80% of the fees and 100% of the expenses requested by the Receiver and her professionals for the period, and was distributed as follows:

Payments In Connection with First Interim Fee Request

    a. Damian & Valori: $67,501.05
    b. Rachlis Duff: $18,724.96
    c. Semanoff Ormsby: $29,560.68
    d. Kapila Mukamal: $22,658.12

Payments In Connection with Second Interim Fee Request

    a. Damian & Valori: $150,455.20
    b. Rachlis Duff: $10,241.67
    c. Semanoff Ormsby: $2,175.75
    d. Kapila Mukamal: $78,681.13

<u>Payments In Connection with Third Interim Fee Request</u>

a. Damian & Valori: $64,703.13
b. Rachlis Duff: $9,095.75
c. Semanoff Ormsby: $180
d. Kapila Mukamal: $45,270.83

5. The Receiver's interim fee application for the period October 1, 2020 through December 31, 2020, and subsequent periods, was filed on a delayed basis because the Estate lacked sufficient assets to pay the fees invoiced and the Receiver was in the process of liquidating Estate assets. ECF Nos. 124, 138, 148, 167, and 176. The Receiver's fee applications for periods beyond September 30, 2020 are the principal subject of this Stipulation and are discussed in Paragraphs 9 to 17 and 21 to 24 below.

**The Order Authorizing the Receiver to Bring Contingent Fee Actions, Approving a Contingent Fee Arrangement, <u>And the Status of Payments Under That Arrangement</u>**

6. The Receiver and her lead counsel, Damian & Valori LLP ("Damian & Valori"), are also entitled to the payment of fees that are contingent on the successful outcome of claims brought by the Receiver against third parties on behalf of Defendant Todays Growth Consultant Inc. and/or the Receivership Estate ("Contingency Fee Actions"); Damian & Valori may be reimbursed for expenses regardless of the success of the action, but expenses require pre-approval of the Court if they are expected to exceed a certain dollar threshold. ECF No. 103.

7. Damian & Valori agreed to, and the Court approved, a contingency fee arrangement pursuant to which Damian & Valori is entitled to (a) 30% of all gross recoveries received by the Estate in connection with a successful Contingency Fee Action if the action is resolved before it is commenced, or (b) 33% of all gross recoveries received by the Estate in connection with a successful Contingency Fee Action if the action is resolved after it is commenced (the "Contingency Fee Arrangement"). The Receiver and Damian & Valori are also

3

entitled to reimbursement of expenses incurred in connection with the Contingency Fee Actions. ECF Nos. 99 at 3-6, and 103.

8. Damian & Valori have settled seven Contingency Fee Actions to date that are expected to result in recoveries totaling $1,004,026.08 for the Estate.[1] The Court approved those settlements and authorized Damian & Valori to receive a 33% contingency fee, totaling $309,375,[2] plus expenses in connection with those settlements, resulting in net recoveries of $694,651 to the Estate. *See* Motions to Approve Settlements with Don Shire Ministries, William Longcore, CMS/Empire Flippers, Sutton Fund, Mike Engstrom, Joliet Catholic Academy, and Dave Conklin, ECF Nos. 122, 130, 163, 166, 170, 171, 173, 180. Several large Contingency Fee Actions remain pending.

**The Pending Applications for Administrative Fees and Expenses**

9. On November 1, 2021, after a Court-approved delay, the Receiver filed a fourth, fifth, and six interim fee application ("Fourth, Fifth, and Sixth Interim Fee Application"). Pursuant to that application, the Receiver sought Court approval of 100% of the fees and expenses incurred by the Receiver and her professionals from October 1, 2020 through June 30, 2021. The Receiver noted that the Estate did not have sufficient funds to pay the requested fees and expenses but requested advance authorization for payment of 80% of the fees and 100% of the expenses when the Estate has sufficient funds to make the payment. ECF No. 174. The

---

[1] The Estate has recovered all but $50,000 of the $1,004,026.08. The Receiver expects Sutton Funding to make the remaining four installment payments of $5,000 within the next 4 months and expects Joliet Catholic to make the remaining three installment payments of $10,000 within the next three months.

[2] This total contingency fee is less than 33% of the $1,004,026.08 in recoveries because Empire Flippers paid an additional $66,526.08 to the Estate after making its full $250,000 settlement payment on the condition that Damian & Valori would not receive a contingency fee on that additional amount.

4

application sought payment to the Receiver and her professionals in the amount of $653,485.83, as follows:

    a. Damian & Valori: $364,051.75
    b. Rachlis Duff: $7,255.20
    c. Semanoff Ormsby: $660.00
    d. Kapila Mukamal: $278,358.88
    e. Maspons Advisory Services: $3,160.00

10. The SEC objected to the Fourth, Fifth, and Sixth Fee Application on grounds that the Estate did not have sufficient assets to pay the requested fees and expenses, and because the payment of any amounts to Damian & Valori from the then-current Estate would have resulted in Damian & Valori receiving, as compensation for its administrative work for the Estate, some of the net recoveries from the Contingency Fee Actions, for which Damian & Valori was already compensated under the Contingency Fee Arrangement for its work on those actions.

11. As of June 30, 2021, the Estate held a total of $180,938.08 in cash and cash equivalents. ECF No. 158-1 (Standardized Fund Accounting Report filed August 6, 2021). As of September 30, 2021, cash and cash equivalents held by the Estate were $173,087.64. ECF No. 172-1 (Standardized Fund Accounting Report filed November 1, 2021).

12. The Court held a telephonic status hearing with the parties on November 17, 2021. The Court took the Receiver's Fourth, Fifth and Sixth Fee Application under advisement and ordered the Receiver and SEC to meet and confer and to file a joint status report by December 15, 2021, setting forth a summary of their respective views and objections. ECF No. 176.

13. Counsel for the Receiver and SEC have met and conferred on multiple occasions since then, and have concluded that, though the Estate's cash and cash equivalents position will likely improve in the future, the same issues will likely continue to arise on a going forward basis with each future fee application. The Receiver and SEC therefore sought a global resolution that could apply to the pending and future fee applications, and balance the SEC's interest in seeing

that the Estate is maximized for the benefit of injured investors, and the Receiver's and her professionals' interest in receiving reasonable compensation for their services in the administration of the Estate.

14. On January 28, 2022, the Receiver and SEC informed the Court that they had reached an agreement in principle that would resolve their disagreements concerning the Receiver's Fourth, Fifth, and Sixth Interim Fee Application and all future fee applications for the remainder of the receivership. ECF No. 183.

15. On the same day, January 28, 2022, the Receiver filed a seventh interim fee application, seeking Court approval of 100% of the fees and expenses incurred by the Receiver and her court-appointed professionals from July 1, 2021 through September 30, 2021, and payment of 80% of their fees and 100% of their expenses when sufficient funds are available in the Estate to pay such amounts ("Seventh Interim Fee Application"). ECF No. 182. The application seeks payment of $112,427.62 to the Receiver and her professionals, as follows:

    a. Damian & Valori: $84,800.79
    b. Rachlis Duff: $2,305.60
    c. Kapila Mukamal: $25,321.23

16. On February 14, 2022, the Receiver filed her eighth interim fee application, seeking approval of 100% of the fees and expenses incurred by the Receiver and her court-appointed professionals from October 1, 2021 through December 31, 2021, and payment of 80% of the fees and 100% of the expenses when sufficient funds are available in the Estate to pay such amounts ("Eighth Interim Fee Application"). ECF No. 188. The application seeks payment of $71,866.17 to the Receiver and her professionals, as follows, when sufficient funds are available:

    d. Damian & Valori: $62,583.53
    e. Rachlis Duff: $1,350.40
    f. Kapila Mukamal: $7,932.24

17. Collectively, for the period October 1, 2020 through December 31, 2021, the Receiver and her professionals are seeking payment of $837,779.62, which represents 80% of their fees and 100% of their expenses for that period.

### The Current and Expected Future Assets of the Receivership Estate

18. The Estate held a total of $237,961.23 in cash and cash equivalents as of December 31, 2021. ECF No. 184-1 (Standardized Fund Accounting Report filed 1/31/2022). This amount includes $50,000 received from Joliet Catholic in connection with a settlement of a Contingency Fee Action, which, if approved, would result in a payment of $16,600.50 from the Estate to Damian & Valori. ECF No. 173. It also reflects $10,000 in installment payments received from Sutton Funding in connection with a previously approved Contingency Fee Action settlement; Damian & Valori is entitled to a payment $3,300 from the Estate in connection with these installment payments. ECF No. 170. The Estate's uncommitted cash balance as of December 31, 2021, thus was $218,060.73

19. On January 28, 2022, the Estate received $170,000 in connection with a Court-approved settlement of a Contingency Fee Action against Dave Conklin, Conklin Web Properties, LLC d/b/a Conklin Media, Conklin Media LLC and Conklin & Courtright LLC. ECF No. 180. The Receiver's contingency fee which the Court approved is 33% of the settlement amount, or $56,100, plus expenses of $1,413.74, which would leave the Estate with a net recovery of $112,486.26 from the settlement. This effectively increases the Estate's estimated cash-on-hand to approximately $350,000.

20. Additionally, the Receiver expects approximately $450,000 in net proceeds from her sale of Estate assets (including websites) to be released into the Estate in the future, as websites are transferred to their buyers.

**WHEREFORE,** as concerns the Receiver's pending and future fee applications, the Receiver and SEC hereby stipulate and agree as follows, subject to the Court's approval:

21. No amount of the Receiver's or her professionals' fees and expenses, as reflected in the Fourth, Fifth, and Sixth Interim Fee Application, the Seventh Interim Fee Application, or the Eighth Interim Fee Application, may be paid out of the Estate's cash or cash equivalents balance, which is $427,330.08 as of the date of this Stipulation. If any payments authorized below would cause the cash balance of the Estate to fall below this amount, the payment shall be limited to the amount that would leave $427,330,08 in the Estate.

22. For the period October 1, 2020 through December 31, 2021, the following court-approved professionals of the Receiver are authorized to receive payment of $323,183.55 from the Estate, as follows, which represents 80% of the fees and 100% of the expenses requested by these professionals in the Fourth, Fifth, and Sixth Interim Fee Application, the Seventh Interim Fee Application, and the Eighth Interim Fee Application:

   a. Rachlis Duff:  $10,911.20
   b. Semanoff Ormsby:  $660.00
   c. Kapila Mukamal:  $311,612.35

Payment of these amounts may be made on a pro-rata basis as net proceeds from the sale of Estate assets are released from reserves into the Estate.[3] If insufficient net proceeds are released from reserves to pay the full $323,183.55, the balance shall be held back until the final accounting, at which point a renewed request may be made for payment of the balance.

23. For the period October 1, 2020 through December 31, 2021, Damian & Valori is authorized to receive payment of 100% of the expenses incurred during the period, as reflected in

---

[3] The term "net proceeds from the sale of Estate assets" shall mean specifically proceeds from the sale of the Estate's websites/domains, which currently are held in reserves pending transfer to buyers, net of expenses associated with the sale of those assets, including the auctioneer's fee.

the Fourth, Fifth, and Sixth Interim Fee Application, the Seventh Interim Fee Application, and the Eighth Interim Fee Application:

    a. Damian & Valori: $5,795.42

Payment of this amount may be made on pro-rata basis (pro-rata with the amounts referenced in Paragraph 22) as net proceeds from the sale of Estate assets are released from reserves into the Estate. Counsel for the Receiver shall notify counsel for the SEC by email when payments are made pursuant to this Paragraph. If insufficient funds are released from reserves to pay the full $5,795.42, the balance shall be held back until the final accounting, at which point a renewed request may be made for the balance.

24. For the period October 1, 2020 through December 31, 2021, the Receiver and her firm Damian & Valori shall hold back the $511,436.07 in fees reflected in the Fourth, Fifth, and Sixth Interim Fee Application, the Seventh Interim Fee Application, and the Eighth Interim Fee Application, until the final accounting, at which time the Receiver and Damian & Valori may renew their request for payment of those amounts; except, if after payment of the amounts reflected in Paragraphs 22 and 23, there remains any balance of net proceeds from the sale of Estate assets that are released from reserves into the Estate, Damian & Valori may be paid up to the balance of the net proceeds from the sale of Estate assets (including websites) remaining after those proceeds are used to pay Rachlis Duff, Semanoff Ormsby and Kapial Mukamal the $323,183.55 in fees and costs incurred from October 2020 through December 31, 2021, as set forth above.

25. For future fee periods, including the period commencing January 1, 2022, the Receiver's professionals, other than Damian & Valori, may, with the Court's approval, receive payment from the Estate for 80% of the fees and 100% of the expenses incurred during each future application period; provided that, Kapila Mukamal's fees and expenses may not exceed

9

$5,000 in any one application period without prior approval from the Court and, collectively, the fees and expenses of the professionals (other than Damian & Valori) (but including Kapila Mukamal) may not exceed $10,000 in any one application period without prior approval from the Court.

26. For future fee periods, including the period commencing January 1, 2022, Damian & Valori shall continue to file interim quarterly fee applications and may, with the Court's approval, receive payment from the Estate for 80% of the fees and 100% of the expenses incurred during each application period; except, no future interim fees and expenses of Damian & Valori incurred in administering the Estate, shall be paid from any portion of the Estate that comes from net recoveries in the Contingency Fee Actions. At the conclusion of the receivership, as part of the Receiver's final accounting, the Receiver may seek payment and reimbursement from the Estate of all outstanding fees and costs of the Receiver and her professionals (including all fees held back since the inception of the receivership). Pursuant to Paragraphs 64 and 65 of the Order Appointing Receiver, the Receiver's final request shall be subject to a cost benefit analysis and final review, and amounts will be paid out at the discretion of the Court.

27. Nothing in this Stipulation shall affect the right of the Receiver or her professionals to receive reimbursement for fees and expenses incurred in the Contingency Fee Actions, pursuant to the Contingency Fee Arrangement.

28. Nothing in this Stipulation shall affect the right of the SEC to object to any fee application on grounds other than the sufficiency of assets in the Estate.

**IT IS SO STIPULATED:**

Dated: February 18, 2022               Respectfully submitted,

                                                              */s/ Kenneth Dante Murena*
Kenneth Dante Murena, Esq.
Jonathan Groth, Esq.
Damian & Valori LLP
1000 Brickell Ave., Ste. 1020
Miami, FL 33131
kmurena@dvllp.com
jgroth@dvllp.com

*Counsel for Melanie E. Damian, as Receiver Of Defendant Todays Growth Consultant Inc.*

and

*/s/ Suzanne J. Romajas*
Suzanne J. Romajas, Esq.
Michael Brennan, Esq.
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5971
RomajasS@sec.gov
BrennanMi@sec.gov

*Counsel for Plaintiff*

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE               DATED: March 2, 2022

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic transmission via this Court's CM/ECF filing system on February 18, 2022 on all counsel or parties who have appeared in the above-styled action.

/s/Kenneth Dante Murena
Kenneth Dante Murena,
*Counsel for Melanie E. Damian,*
*Court-Appointed Receiver*