IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                               Plaintiff,<br><br>v.<br><br>TODAYS GROWTH CONSULTANT INC.<br>(dba "The Income Store"), and<br>KENNETH D. COURTRIGHT, III,<br><br>                               Defendants. | No. 1:19-cv-08454<br><br>The Honorable Andrea R. Wood<br><br>Magistrate Judge Jeffrey Cummings |

**SEC'S STATEMENT OF POSITION**
**ON THE RECEIVER'S TENTH FEE APPLICATION**

Plaintiff Securities and Exchange Commission ("SEC") submits this statement of position regarding the Receiver's Tenth Interim Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and her Professionals, dated August 18, 2022 ("Tenth Fee Application") (ECF No. 223).

As set forth below, certain of the fees for which the Receiver requests payment are covered by the Stipulation and Order Concerning the Receiver's Payment of Expenses in the Ancillary Actions, which was entered on September 1, 2022, ("September 1, 2022 Stipulation and Order") (ECF No. 228), after the Tenth Fee Application was filed. On September 8 and 9, 2022, counsel for the SEC and Receiver jointly reviewed the Tenth Fee Application and are in agreement as to which of the fees and expenses requested therein relate to the ancillary actions (and should not be paid in connection with the Tenth Fee Application) and which of them were incurred in support of the Receiver's administration of the receivership estate (and are eligible

for payment). The SEC's position is that the Tenth Fee Application should be granted in part and denied in part, consistent with the Revised Proposed Order attached to this filing.

## Background

On August 15, 2022, the Receiver filed her Tenth Fee Application (ECF No. 223), in which she requested entry of an Order (i) approving fees and costs of Rachlis Duff & Peel, LLC ("Rachlis Duff") in the amount of $1,322, and authorizing payment to Rachlis Duff of $1,057.60, representing 80% of the fees and 100% of the costs; and (ii) approving fees and costs of Kapila Mukamal, LLP ("Kapila") in the amount of $6,872.22 for Q2 services (and some inadvertently omitted Q1 services), and in the amount of $9,400.20 for tax services performed in Q2, and authorizing payment to Kapila of $3,966.42, representing 80% of the fees and 100% of the costs incurred by Kapila in Q1 and Q2. Kapila agreed to hold back 100% of the fees and costs associated with Kapila's tax services for the Application Period. (ECF No. 223 at 9, ECF No. 223-4 (Ex. D-2)). The Receiver agreed to hold back 100% of the fees and expenses associated with the Receiver's and her Lead Counsel's work during the Application Period. (ECF No. 223 at 10, ECF No. 223-2 (Ex. B)).

On September 1, 2022, a superseding event occurred, which impacts certain of the fees and costs sought in connection with the Tenth Fee Application, because certain of the fees and costs were incurred in connection with the Receiver's ancillary actions.

The September 1, 2022 Stipulation and Order requires the Receiver's Lead Counsel to advance the expenses of each ancillary action incurred from January 1, 2022 forward. (ECF No. 228 at ¶¶ 12, 17). This includes expenses relating to Kapila's work in support of the ancillary actions. (*Id.*) The Receiver's Lead Counsel is authorized to seek reimbursement of advanced expenses when seeking approval of a settlement or following an adjudication of the ancillary

action to which such expenses relate. (ECF No. 228 at ¶ 17.) Fees and costs associated with the ancillary actions (to the extent incurred on or after January 1, 2022) cannot be paid in connection with the Receiver's quarterly fee applications.

### The SEC's Position

The SEC has re-evaluated the Rachlis Duff and Kapila invoices underlying the Receiver's Tenth Fee Application. (ECF Nos. 223-3 (Rachlis) and 223-4 (Kapila) at Ex. D-1). The SEC's position on the Tenth Fee Application is as follows:

Rachlis Duff is not assisting the Receiver in the ancillary actions and therefore the Rachlis Duff fees and costs for the Application Period (ECF 223-3) are not covered by the September 1 Stipulation and Order. The Rachlis Duff fees and costs for the period are covered by the Stipulation and Order Concerning the Receiver's Interim Fee Applications entered March 2, 2022 ("March 2, 2022 Stipulation and Order") (ECF No. 196) and are below the quarterly caps established by that Order. (ECF No. 196 at 25). The SEC has no objection to the Receiver's request to (i) approve Rachlis Duff's fees of $1,322 for the Application Period or (ii) pay Rachlis Duff $1,057.60 from the receivership estate, representing 80% of their fees and 100% of their costs for the Application Period.

Kapila is assisting the Receiver in the ancillary actions. Counsel for the Receiver and SEC have reviewed the Kapila invoice underlying the Tenth Fee Application (ECF No. 223-4 at D-1) and are in agreement that certain entries reflected on Kapila's invoice relate to the ancillary actions and should not be included as part of the Tenth Fee Application. This includes the work reflected in entry numbers: 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 13, 20, and 21 of the Kapila invoice.[1] *See*

---

[1] For clarity, and with the Receiver's consent, the SEC has attached as Exhibit A, a copy of the Kapila invoice that supports the Tenth Fee Application (ECF No. 223-4 at Ex. D-1), which adds numbers to the entries.

Ex. A hereto (enumerating the entries in ECF No. 223-4, Ex. D-2). All other work reflected in Kapila's invoice – entry numbers 10, 12, 14, 15, 16, 17, 18, and 19 and costs totaling $115.22 – are covered by the March 2, 2022 Stipulation and Order, and are below the quarterly caps established by that Order. (Ex. A hereto; ECF No. 196 at 25).[2] The SEC has no objection to the Receiver's request to (i) approve Kapila's fees of $2,871 and costs of $115.22 for the Application Period or (ii) pay Kapila in the amount of $2,368.82 from the receivership estate, presenting 80% of their fees and 100% of their costs for the Application Period.

Counsel for the Receiver and SEC have agreed on a Revised Proposed Order that would grant the Tenth Fee Application in part, and deny it in part, consistent with the SEC's position stated here. The Revised Proposed Order is attached to this filing.

## Conclusion

For all of the foregoing reasons, the SEC respectfully requests that the Court enter the Revised Proposed Order granting in part, and denying in part, the Receiver's Tenth Fee Application.

Respectfully submitted,

/s/Suzanne J. Romajas
Suzanne J. Romajas, Esq.
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5971
RomajasS@sec.gov

*Counsel for Plaintiff*

---

[2] The Tenth Fee Application does not seek approval to pay Kapila for the tax services performed by Kapila during the Application Period. The Receiver's motion states that the Receiver has agreed to hold back the fees for those services. (ECF No. 223 at 10.)

4

## **CERTIFICATE OF SERVICE**

I certify that on September 9, 2022, I caused the foregoing SEC'S STATEMENT OF POSITION REGARDING RECEIVER'S TENTH FEE APPLICATION to be served upon all counsel of record and upon Defendant Courtright via the Court's CM/ECF filing system.

    /s/Suzanne J. Romajas
Suzanne J. Romajas, Esq.
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5971
RomajasS@sec.gov