UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> TODAY'S GROWTH CONSULTANT, INC. : <br> (dba THE INCOME STORE) : <br> : <br> and : <br> : <br> KENNETH D. COURTRIGHT, III, : <br> : <br> Defendants. : <br> : | Civil Action No. 1:19-cv-08454 |

**RECEIVER'S UNOPPOSED MOTION TO APPROVE SETTLEMENT AND
RELEASE AGREEMENTS WITH CERTAIN PROFESSIONALS AND TO
AUTHORIZE PAYMENT OF CONTINGENCY FEE
AND COSTS TO RECEIVER'S COUNSEL**

Melanie E. Damian, Esq., the court-appointed Receiver ("Receiver") for Today's Growth Consultant, Inc. ("TGC") in the above-captioned enforcement action, moves this Court to approve the Settlement and Release Agreement (the "Settlement") entered into by and between the Receiver and certain Professionals named in the Settlement (the "Firm") and to approve Receiver's Counsel's fees and costs. In support of this Motion, the Receiver states as follows:

**BACKGROUND**

A. **Appointment of Receiver**

On December 30, 2019, this Court entered a Temporary Restraining Order Freezing Assets and Imposing Other Emergency Relief [ECF No. 20] ("TRO") and an Order Appointing Receiver [ECF No. 19] ("Appointment Order") in the above-captioned SEC enforcement action (the "SEC

Action"). The TRO ordered all of the Defendants' assets frozen to preserve the *status quo*. *See* ECF No. 20 at 6-7.

The Receiver's mandate was to take all actions necessary to implement the terms of the TRO by, among other things, taking possession, custody and control of all of Defendants' assets, establishing control of TGC's business, ensuring that Defendants' assets were frozen and preventing their withdrawal or misapplication, obtaining and preserving documents and records pertaining to Defendants' assets, transactions, and business operations, and performing all acts necessary to protect and preserve the Receivership Estate. *See* ECF No. 19 at 2-4.

On March 2, 2020, the Court entered two separate stipulated preliminary injunction orders in the SEC Action, titled Order Imposing Preliminary Injunction Freezing Assets and Granting Other Relief [ECF Nos. 55, 56] (collectively, the "PI Orders") against Defendants TGC and Kenneth D. Courtright, III, which shall remain in effect until the Court's determination of the merits of the allegations set forth in the SEC's Complaint or further order of the Court.

**B.      Receiver's Claims against the Firm.**

Upon reviewing and analyzing the financial records and files of TGC, the Receiver discovered that the Firm provided certain professional services to TGC. The Receiver drafted a complaint asserting certain breaches of the standard of care and made demand on the Firm for the limits of its' professional malpractice policy. Following due diligence by the Firm and its counsel and on-going discussions and negotiations the Firm agreed to tender the remaining limits of its policy in the amount of $974,094.00 (Nine-Hundred Seventy-Four Thousand and Ninety Four Dollars 00/100).

## **THE SETTLEMENTS**

The Receiver and the Firm, subject to this Court's approval, have entered into a Settlement Agreement, a copy of which is attached hereto as **Exhibit A.** Pursuant to the terms of the Agreement, the Receiver and the Firm agree that the Firm shall make one lump sum payment to the Receiver in the total amount of $974,094.00. This description of the Settlement is included here for summary purposes only and not intended to constitute a full recitation of the terms of the Settlement. A review of this description or this Motion should not be a substitute for a review of the complete Settlement Agreement. *See* Exhibit A. The Receiver believes that in light of the full tender of the Firm's remaining policy limits, evaluation of other collection issues and the risk attendant to litigation, the Settlement is in the best interest of the Receivership Estate.

Accordingly, the Receiver now seeks this Court's approval of the Settlement Agreement on the grounds that it is in the best interests of the Receivership Estate.

## **REQUEST TO PAY CONTINGENCY FEES AND COSTS TO COUNSEL FOR RECEIVER PURSUANT TO ORDER**

Pursuant to the Court's November 5, 2020, Order Granting Receiver's Motion for Approval of Contingency Fee Arrangement [ECF 103], and the September 1, 2022 Stipulation and Order Concerning the Receiver's Payment of Expenses in the Ancillary Actions [ECF 228], the Receiver requests the Court authorize and approve payment to the Receiver's counsel for contingency fees and out of pocket expenses advanced in connection with prosecuting the claims against the Firm immediately upon receiving the settlement payment, without further order of the Court.

Specifically, the Receiver requests the Court enter an Order:

a) Approving the Settlement Agreement attached as Exhibit A.

3

    b) authorizing payment to Damian & Valori LLP from the Settlement Amount in the amount of $292,815.50 (comprising $292,228.20 in fees (30% of $974,094.00) and $587.30 in costs.

Invoices of cost incurred and paid by Damian & Valori LLP in pursuit of the foregoing settlement is attached as Composite **Exhibit B**.

## CERTIFICATION OF CONFERENCE

Undersigned counsel for the Receiver hereby certifies that he sent a copy of this Motion and the attached Settlement Agreement to counsel for Plaintiff, the Securities and Exchange Commission, and to Defendant Kenneth D Courtright, and asked that they confirm whether or not they have any objections to the relief requested herein. Counsel for Plaintiff confirmed that they have no objection the requested relief. Mr. Courtright did not provide a response..

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that the Court: (A) enter the proposed order, attached hereto as **Exhibit C**, approving the Settlement; (B) authorizing the Receiver to pay the 30% contingency fees and out of pocket expenses described above to counsel for the Receiver immediately upon receiving the settlement payments from the settling defendants, without further order of the Court; and (C) grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 27th day of September, 2022.

DAMIAN & VALORI LLP
*Counsel for Melanie E. Damian,*
*Court-Appointed Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305-371-3960
Facsimile: 305-371-3965

*/s/Kenneth Dante Murena*
Kenneth Dante Murena, Esq.
Florida Bar No. 147486

*Admitted Pro Hac Vice and*
*General Admission to N.D. Ill.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic transmission via this Court's CM/ECF filing system on September 27, 2022 on all counsel or parties who have appeared in the above-styled action.

*/s/Kenneth Dante Murena*
Kenneth Dante Murena, Esq.
*Counsel for Melanie E. Damian,*
*Court-Appointed Receiver*

*Admitted Pro Hac Vice and*
*General Admission to N.D. Ill.*