## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT (the "Settlement") is made and entered into by and between **Melanie E. Damian**, as Receiver (the "Receiver") of Today's Growth Consultant, LLC, and **the Law Office of Michael Polachek, Ltd. and Michael Polachek, individually** ("Defendants") (the Receiver and Defendants are each a "Party" and are collectively the "Parties")

I.  **RECITALS**

A.  WHEREAS, on December 30, 2019, the United States Securities and Exchange Commission filed an action against Today's Growth Consultant, LLC ("TGC") and its principal Kenneth D. Courtright, III ("Courtright") (collectively, the "Receivership Defendants") in the United States District Court for the Northern District of Illinois (the "Receivership Court") styled *United States Securities and Exchange Commission v. Today's Growth Consultant, LLC, et al.*, Case No. 1:19-cv-08454 (the "SEC Enforcement Action").

B.  WHEREAS, on December 30, 2019, the Receivership Court in the SEC Enforcement Action entered a Temporary Restraining Order Freezing Assets and Imposing Other Emergency Relief (the "TRO"), which, among other things, made preliminary findings that the Receivership Defendants had violated various sections of the Securities Exchange Act and Rules promulgated thereunder. Further, the Court entered an Order Appointing Receiver, which appointed the Receiver as equity receiver of TGC and directed and authorized her to, among other things, "bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver[,]" and "pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates." Such actions include, without limitation, fraudulent transfer actions to recover transfers that TGC had made to insiders, affiliates and third parties without receiving reasonably equivalent value and, thereby, increasing the value of the Receivership Estate for the benefit of the investors who had been defrauded by the Receivership Defendants.

C.  WHEREAS, on March 2, 2020, the Receivership Court entered two separate stipulated preliminary injunction orders titled Order Imposing Preliminary Injunction Freezing Assets and Granting Other Relief (collectively, the "PI Orders") against each of the Receivership Defendants, TGC and Courtright, extending the relief granted in the TRO.

D.  WHEREAS, the Receiver has reviewed and analyzed records of the Receivership Defendants and determined claims existed against Defendants.

E.  WHEREAS, pursuant to the TRO, the Appointment Order and the PI Orders, the Receiver made demand on Defendants.

F.  WHEREAS, on August 29, 2022, the Receiver and Defendants resolved the dispute subject to the tender of the remaining limits of Defendants' full malpractice policy.

1

**EXHIBIT A**

**NOW THEREFORE**, in consideration of the mutual promises, exchanges and forbearances set forth below, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

## II. GENERAL PROVISIONS

A. **Approval**: The parties acknowledge and agree that this Settlement is subject to the approval of the Receivership Court and, therefore, will not be binding until such approval has been granted (the "Approval").

B. **Recitals**: The Parties acknowledge and agree that the Recitals set forth hereinabove are integral terms, are true, accurate and correct and the same are hereby incorporated into this Settlement and are not mere surplusage.

C. **Settlement Amount and Payment:** Defendants will pay to the Receiver a total of nine hundred seventy four thousand ninety four dollars (USD) ($974,094.00) (the "Settlement Amount") in one lump sum within two (2) weeks of the Approval. The payment of the Settlement Amount to the Receiver shall be in the form of _____ made payable to "Melanie E. Damian, as Receiver", delivered to Damian & Valori LLP, 1000 Brickell Avenue, Suite 1020, Miami, Florida 33131, Attn Melanie Damian, or by wire transfer from the IOLTA Account to the Receiver's fiduciary account for the Receivership Estate.

D. **Conditions for Release**: In consideration of the payment of the Settlement Amount required herein and an affidavit of insurance, the Receiver will release and discharge Defendants from any and all claims, demands, obligations, actions, causes of action, rights, damages, punitive damages, attorneys' fees, costs, expenses and compensation of any nature which the Receiver now has or which may hereafter accrue or otherwise be acquired against Defendants, regardless of whether any other information obtained by the Receiver after the date of this Settlement substantiates any additional claims or causes of action the Receiver could have brought against Defendants. This release does not include, and specifically excludes, any claims the Receiver has or may have against Smith Amundsen or other former professionals of TGC other than Defendants.

E. **No Admission of Liability:** Nothing herein shall be construed as an admission of liability by Defendants, any such liability being expressly disputed and denied, and shall never be construed as an admission(s) by Defendants.

## III. WARRANTY OF CAPACITY TO EXECUTE SETTLEMENT

The Parties represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Settlement; that they have the sole and exclusive right to receive sums specified in it; that they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement; and that the persons executing this Settlement on behalf of the Parties have the authority to execute the terms and conditions set forth in this Settlement.

IV. **WARRANTY OF SOLVENCY**

In order to induce the Receiver to enter into this Settlement, Defendants represents and warrants that they are not presently insolvent, that payment of the Settlement Amount will not render them insolvent, and that they do not intend to file for relief under any section of the United States Bankruptcy Code during the Ninety Day (90) day period following payment of the Settlement Amount. The Receiver reasonably relied upon such representations and warranties of Defendants in entering into this Settlement.

V. **ENTIRE AGREEMENT AND SUCCESSORS-IN-INTEREST**

The Parties agree that this Settlement contains the entire agreement between the Receiver and Defendants with regard to the matters set forth in it, and shall be binding upon and inure to the benefit of their respective successors and assigns. There are no other understandings or agreements, verbal or otherwise, in relation thereto between the Parties, except as herein expressly set forth. There have been no representations not set forth herein that the Parties have relied upon when entering into this Settlement. Should any provision of this Settlement require interpretation or construction, the parties agree that all Parties have participated in the drafting of this document and no presumption regarding construing the document against one Party shall apply.

VI. **PARTIES' OPPORTUNITY TO BE REPRESENTED BY COUNSEL**

The Parties acknowledge that each has had the opportunity to consult with the attorney of their choice. Furthermore, each Party to this Settlement represents and warrants that they are entering into this Settlement of their own free will, without having been subjected to any form of duress or coercion of any kind.

VII. **ATTORNEYS' FEES**

In any action brought to enforce the terms of this Settlement, the prevailing Party shall be entitled to recover its reasonable attorneys' fees and costs including expert witness fees incurred in seeking the enforcement of the terms of this Settlement.

VIII. **EXECUTION**

This Settlement may be executed in counterparts, and such execution shall be valid and binding on the Parties.

IX. **SEVERABILITY**

In the event any provision of this Settlement is found to be invalid by any court of law, the remaining provisions of the Settlement shall remain valid and binding on the Parties.

X. **JURISDICTION AND VENUE FOR LITIGATION OF DISPUTES**

In the event of a dispute as to the interpretation, enforcement, application or violation of this Settlement, it is understood and agreed that the Receivership Court shall have exclusive jurisdiction, and be the exclusive venue, in which to resolve such dispute. In addition, the Parties specifically agree that the Receivership Court shall have the right to award to the prevailing Party the attorneys' fees and costs incurred in connection with the enforcement of this Settlement.

XI. **CONSTRUCTION BY STATE LAW**

This Settlement shall be governed by, construed, and enforced in accordance with the laws of the State of Illinois to the extent state law is applicable, without giving effect to principles of conflicts of law.

AGREED TO BY:

THE LAW OFFICE OF MICHAEL POLACHEK, LTD.

By: _[signature]_
Its: President
Date: 9-23-2022

MELANIE E. DAMIAN, AS RECEIVER FOR TODAY'S GROWTH CONSULTANTS, LLC

By: _[signature]_
Date: 9.27.2022

By: _[signature]_
Michael Polachek, Individually
Date: 9-23-2022

4