

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEC | ) | |
| | ) | |
| v. | ) | **19 CV 8454** |
| | ) | **Judge Wood** |
| KEN COURTRIGHT, III, and others | ) | |

**KEN COURTRIGHT'S _EMERGENCY_ MOTION FOR AN ORDER FROM THIS COURT DIRECTING THE CIRCUIT OF COOK COUNTY, ILLINOIS TO STAY OR VACATE ITS ORDER WHICH INTERFERES WITH HIS PROPERTY AND ASSETS IN VIOLATION OF THIS COURT'S ORDER**

Ken Courtright asks and moves this Court to Stay (put on hold) or Vacate (reverse) the Order entered by the Circuit Court of Cook County on or around November 21, 2022 that violates this Court's Order that no one can interfere or take Mr. Courtright's assets or property. and states as follows:

1. On November 21, 2022, the Circuit Court entered Orders that are in violation of this Court's Orders. Those Orders are attached.

2. Mr. Courtright asks this Court to put on hold, Stay, or Vacate, or reverse those Orders.

3. The Receiver knows about this issue, but has not taken any action.

**By:**

**Kenneth Courtright**

This form is approved by the Illinois Supreme Court and is required to be used in all Illinois Circuit Courts.

**STATE OF ILLINOIS, CIRCUIT COURT**

Cook COUNTY

**EVICTION ORDER**

For Court Use Only

**Instructions ▼**

Directly above, enter the name of the county where the case was filed.

Enter the full names of Plaintiff, Defendants, and the case number as listed on the *Eviction Complaint*.

Check the box for Unknown Occupants if it was checked on the *Eviction Complaint*.

**Plaintiff** *(For example, the landlord or owner)*:
THE RIVER PLAZA HOMEOWNERS'S ASSOCIATION

v.

**Defendants** *(For example, the tenants or occupants)*:
405 N. WABASH 5109-10 AND ALL UNKNOWN OCCUPANTS

[✓] Unknown Occupants

22 M1 703866
**Case Number**

**This Order is entered:**

Check the box for the type of order that is entered.

- [ ] By default *(Defendants not in court)*
- [✓] After contested hearing or trial
- [ ] After compliance hearing, the Defendants having failed to comply with a previous Agreed Order
- [ ] By agreement *(the court having made no factual findings)*

Signed and agreed to,

All parties (or their lawyer) who agree to this *Eviction Order* should sign it.

_____    _____
Plaintiff (or lawyer)              Defendant (or lawyer)

_____    _____
Defendant (or lawyer)           Defendant (or lawyer)

**Notice to Defendants:**

This *Order* is a judgment against you. It may appear on a background or credit check and affect your ability to rent housing. There are other orders you may use to resolve your case by agreement. Do not agree to this *Order* if:
- You have an agreement with Plaintiff that lets you stay in the property (Use *Agreed Order Dismissing Eviction Case (Pay & Stay)* or *Agreed Order Dismissing Eviction Case with Permission to Reinstate)*; OR
- Plaintiff has agreed to dismiss this case if you move out by a certain date (Use *Agreed Order in Eviction Case (Defendants Agree to Move)*).

**You must complete sections 1-5.**

In **1**, check the boxes to indicate who is in court. Enter the names of the Defendants who were in court.

1. **People in court:**
   - [ ] Plaintiff  [✓] Plaintiff's lawyer  [✓] Defendants' lawyer
   - [ ] Defendants: _____
   - [ ] Other: _____

In **2**, check the box if any Defendants were dismissed from the case. Enter the names of the dismissed Defendants. Otherwise, leave blank.

- [ ] 2. The following individuals are dismissed as Defendants and this *Order* does not apply to them: _____

In **3**, enter the complete address, including the street direction (N., E., etc.) and unit # or floor.

3. Plaintiff is given possession of the property located at:

   405 N. WABASH AVENUE                         5109
   Street address                                Unit

   Chicago, IL 60611
   City                           State          ZIP

In **4**, enter the date and time by which Defendants must move out.

4. Defendants must move out of the property on or before 01/23/2023
                                                          Date

   [✓] by 11:59 p.m.   OR   [ ] by _____ [ ] a.m. [ ] p.m.
                                   Time

E-O 3500.3                    Page 1 of 2                    (03/21)

This form is approved by the Illinois Supreme Court and is required to be used in all Illinois Circuit Courts.

| In 5, enter the names of Defendants to be evicted and check the box for Unknown Occupants if it was checked on the *Eviction Complaint*. |
|---|

5. Plaintiff may give the sheriff a copy of this *Eviction Order*. If Defendants do not move by the date and time listed above, the Sheriff is ordered to evict the following Defendants: _____
   405 N. WABASH 5109-10, LLC _____ ☑ Unknown Occupants

| In 6, complete only if Plaintiff is a landlord. Condominium or homeowner associations suing an owner should use Section 7. |
|---|
| Check the boxes that apply. If Plaintiff is awarded money, enter the names of Defendants who have been ordered to pay the money. |

**Section 6 is for landlords** *(condominium and homeowner associations should use Section 7)*

6. Check all that apply:
   ☐ No money claimed in *Eviction Complaint*
   ☐ Money claim dismissed and Plaintiff **may** seek this money in the future
   ☐ Money claim dismissed and Plaintiff **may not** seek this money in the future
   ☐ Plaintiff is owed:
   　☐ $_____ in rent
   　☐ $_____ in court costs
   　☐ $_____ in attorneys' fees *(if allowed)*
   　　$_____ is the total judgment entered against the following Defendants:
   _____

   ☐ The Court is not yet ruling on the money claim. Case continued to:
   _____ at _____ ☐ a.m. ☐ p.m. for: ☐ status   OR   ☐ hearing
   *Date*　　　　　*Time*
   in courtroom _____ and the Court finds there is no just reason to delay enforcement or appeal of this *Eviction Order*.

**Section 7 is for condominium and homeowner associations** *(landlords should use Section 6)*

| In 7, complete only if Plaintiff is a condominium or homeowner association suing an owner. |
|---|

7. Check all that apply:
   ☐ This Order is entered against the unit only (*In Rem*)
   ☑ Plaintiff is owed:
   　☑ $ 97,681.16 in assessments
   　☑ $ 581.73 in court costs
   　☑ $ 7,132.50 in attorney's fees
   　　$ 105,395.39 is the total judgment entered against the following Defendants:
   　405 N. WABASH 5109-10, LLC
   The expiration of judgment provisions of 735 ILCS 5/9-117 do not apply to this *Order*.
   ☐ The Court is not yet ruling on the money claim. Case continued to:
   _____ at _____ ☐ a.m. ☐ p.m. for: ☐ status   OR   ☐ hearing
   *Date*　　　　　*Time*
   in courtroom _____ and the Court finds there is no just reason to delay enforcement or appeal of this *Eviction Order*.

| STOP! DO NOT complete this section. The judge will complete this section if it applies to your case. |
|---|

☐ 8. This *Order* is entered after an Emergency Housing Proceeding. An order entered under these sections may not be stayed more than 7 days. Check the box to indicate which section of the Eviction Act applies:
   ☐ 735 ILCS 5/9-118   ☐ 735 ILCS 5/9-119   ☐ 735 ILCS 5/9-120
   The sheriff or other lawfully deputized officers shall give priority to service and execution of orders entered under Sections 118 and 119, or execute the *Order* within 7 days of its entry if entered under Section 120.

| Enter the name and contact information of the person completing this *Order*. **DO NOT** complete the section the right for Date and Judge. |
|---|

Name: Levenfeld Pearlstein
Street Address: 2 N. LaSalle Street, Suite 1300
City, State, ZIP: Chicago, IL 60602
Telephone #: (312) 346-8380
Attorney # *(if any)*: 57133
Email Address *(if any)*: jburns@lplegal.com

ENTERED:
Date  21 2022
Judge [signature]

E-O 3500.3　　　　　　　　　　　　　　Page 2 of 2　　　　　　　　　　　　　　(03/21)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT FIRST DISTRICT

| | |
|---|---|
| The River Plaza Homeowners Ass'n )<br>)<br>Plaintiff, )<br>)<br>v. )<br>405 N. Wabash 5109-10, LLC. )<br>)<br>Defendant. ) | Case No. 2022 M1 703836 |

### ORDER

This matter comes to be heard on cross Motions For Summary Judgment, due notice having been given and the court being fully advised in the premises.

River Plaza is a condominium homeowner's association that sued defendant, 405 N. Wabsh 5109-10, LLC (hereinafter "LLC") unit owner for delinquent assessment payments and possession. Defendant LLC is managed by Kenneth Courtright.

Courtright is a defendant in a lawsuit filed by the Securities and Exchange Commission in federal court (19-cv-08454) to enjoin an alleged fraudulent "Ponzi-like scheme" operated by Kenneth Courtright and one of his companies. On February 28, 2020, Judge Andrea R. Wood entered an order directed against Courtright and specified others from selling, transferring, encumbering or otherwise dissipating assets held by Courtright.

Judge Wood ordered Defendant Courtright and each of [various persons and institutions that are agents of his or under his control] to "hold and retain within their control" and "otherwise prevent" any withdrawal or other disposal of assets, funds, or things of value "in whatever form such assets may presently exist and wherever located". The order enjoins Courtright from controlling his assets. It does not stay any litigation directed against Courtright or any entities he controlled.

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant filed its Motion For Summary Judgment claiming that the federal court's order bars a condo association - a party *other* than Courtright or those under his control - from seeking a possession order against an LLC controlled by Courtright for failure to pay condominium assessments.

Defendant's argument is without merit.

1

The order enjoins Courtright and his agents or those under his control from taking certain actions with respect to the dissipation of assets, presumably for the protection of potential creditors if the allegations are proven. However, this is a case brought by a separate party, the condo association, for possession due to non-payment of assessments, not a transfer of assets by those enjoined by the federal court order. The Eviction case does not pertain to any voluntary actions of Courtright or his agents to dissipate, encumber, hide or waste any assets that might be used to make alleged victims whole, but instead involves the actions of a third party to enforce its own rights under the law while at the same time not involving the dissipation of any assets.

The granting of a judgment order for unpaid assessments and an order of possession does not transfer or dispose of any asset. The LLC controlled by Courtright throughout remains at all times owned by the LLC. The order of possession will not require the transfer of any monies out of any account of Courtright.

The requirement that Courtright not sell or otherwise dispose of the condo at issue is not affected by this eviction case. Moreover, such a possession order, under Illinois law, allows the condominium association to lease the condominium to pay down the assessments and therefore have the ultimate effect of increasing Courtright's net worth by using other people's money (the rental payments of a third-party tenant) to *reduce the debt* of the Courtright managed LLC.

Defendant's Motion For Summary Judgement is denied.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff has filed its motion for summary judgment. seeks possession and a judgment in the amount of $97,681.16 in non-paid assessments and has presented supporting sworn documentation.

Defendant has not set forth any sworn facts disputing the association's right to assessments from the LLC, the proper service of the appropriate notice, that defendant has fallen behind or the calculation of delinquent assessments.

Defendant's case rests entirely on its two affirmative defenses. For the reasons stated above relating to the federal court order, the First Affirmative Defense fails in law and fact.

With respect to the Second Affirmative Defense, defendant alleges and provides an affidavit that plaintiff and defendant agreed on or about April 1, 2022, to forebear assessments in exchange for a one-time payment of $3,100. The affidavit of plaintiff's representative denies the same.

Therefore, there is a clear factual issue as to whether such an agreement was ever entered.

However, in the light of both the undisputed facts and the law, the issue of fact is not a material one.

2

First, as plaintiff notes, The Illinois Condominium Act expressly precludes forbearance of assessments. 765 ILCS 605/18(0). Therefore, the agreement would be against public policy and therefore unenforceable.

Second, even if proposed agreement were not contrary to public policy, plaintiff's affidavit swearing to the ledger showing no payments whatsoever from April 1, 2022, to the present are unrebutted. Thus, to the extent defendant has evidence to show that an agreement was entered into, defendant has failed to set forth any sworn facts that he complied with the agreement and paid the $3,100. Therefore, if a jury were to believe defendant's version – that the association agreed to settle for $3,100, the unrebutted facts show that defendant did not pay the amount and is in breach of that agreement as well.

Therefore, there is nothing for a jury to decide.

Therefore, plaintiff's motion for summary judgment is granted.

This order will be accompanied by a separate order of possession.

Judge Christ Stanley Stacey

NOV 21 2022

Circuit Court - 2289

3