UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> TODAYS GROWTH CONSULTANT INC. (dba "The Income Store") <br><br> and <br><br> KENNETH D. COURTRIGHT, III, <br><br> Defendants. | Civil Action No. 1:19-cv-08454 <br><br> Hon. Andrea R. Wood <br> Magistrate Judge Jeffrey Cummings |

**STATUS REPORT PURSUANT TO
COURT ORDER DATED MAY 23, 2023 [ECF NO. 272]**

Plaintiff Securities and Exchange Commission ("SEC), pursuant to the Court's Order dated May 23, 2023 [ECF No. 272], files this status report setting forth its efforts to come to an agreement with Defendant Kenneth D. Courtright, III ("Courtright"), regarding the potential appointment of a liquidation agent over Mr. Courtright's condominium, payment of secured creditors with liens on the condo, and the deposit of any excess into a Court account until the completion of the SEC's action.

The SEC and Mr. Courtright have not been able to come to an agreement because the SEC has located additional liens on the property and, if those liens are valid, it appears there would be no equity remaining for victims in the SEC action after a sale of the property. Therefore, the SEC does not intend to join with Mr. Courtright to appoint a liquidating agent to effectuate a sale of the property. The property remains subject to the SEC's asset freeze [ECF No. 56] and the SEC's

position is that any person wishing to sell the property (or foreclose and sell) would first need to seek the Court's permission. The SEC has informed Mr. Courtright of its position.

## Background

Mr. Courtright and his wife, through an Illinois limited liability company managed by Mr. Courtright (405 N. Wabash 5109-10, LLC ("LLC")) own the following condominium unit(s) and parking space located in Chicago, Illinois: 405 N. Wabash Avenue, Unit 5109-10, Chicago, IL, and Parking Space A-32 (collectively, "Condo"). The Condo is subject to this Court's asset freeze. [ECF No. 56]

In an action filed in the Cook County Circuit Court, captioned *The River Plaza Homeowners Ass'n v. 405 N. Wabash 5109-10, LLC*, the condominium homeowner's association ("HOA") sued the LLC for $97,5681.16 in unpaid condo assessments. The LLC contested the proceeding, but, on November 21, 2022, the Circuit Court granted summary judgment in favor of the HOA, and entered a monetary judgment against the LLC for $105,395.29, and also entered an eviction order, and an order of possession. Copies of the summary judgment and eviction orders can be found on the SEC action docket, as attachments to ECF No. 244, at 2-3, and 4-6. The HOA has not sought to foreclose on or sell the Condo, which would require it to appear before this Court; instead, the HOA has indicated that it intends to rent the property.

On December 22, 2022, Mr. Courtright file an emergency motion in the SEC action asking this Court to "direct" the Cook County Circuit Court to stay or vacate its order, because, in his view, it interferes with the asset freeze order. [ECF No. 244 (Courtright Emergency Motion), ECF No. 56 (asset freeze order)] His motion seeks to preserve the status quo and prevent the HOA from renting out the Condo.

On January 3, 2023, this Court held an emergency hearing. Mr. Courtright expressed concern that, if the HOA were to rent out his Condo, he would not be able to interview potential tenants or negotiate the rental fee, and, if the tenants selected by the HOA damaged the Condo, the Condo's value could be negatively affected. The SEC informed the Court that it had been in contact with the HOA before the HOA obtained its judgment, that the Circuit Court had considered the asset freeze in its summary judgment ruling, and that the SEC does not view the Circuit Court's order as a violation of the asset freeze. Further, if the HOA rented out the Condo, the rental income could help to satisfy the monetary judgment against the LLC, and potentially leave additional equity in the Condo once it is sold. The Court took the motion under advisement but invited Mr. Courtright to submit documentation supporting his view that the Condo has certain unique and high-end features that would be difficult to replace if damaged by a renter. Mr. Courtright has not made a submission.

Mr. Courtright's motion has been under consideration by the Court since January 2023; however, since that time, there have been another events in the case that resulted in further conversation between the SEC and Mr. Courtright about the Condo.

On March 13, 2023, the Receiver filed a motion for preliminary approval of a settlement with Heartland Bank and Trust Company ("Bank"). [ECF Nos. 256] In the settlement, which remains subject to Court approval, the Bank acknowledged that the Condo is subject to the asset freeze, that the Bank must seek Court permission before initiating a foreclosure action or sale of the Condo, and, if the SEC seeks to appoint a liquidating agent to liquidate the Condo, its understanding is that the SEC and Receiver would not seek to disturb the priority of the Bank's lien on the Condo. [ECF Nos. 256 and 256-1 at ¶ G]

At the March 31, 2023 hearing on the motion for preliminary approval of the Heartland Bank settlement, Mr. Courtright reminded the Court that his motion for relief from the Circuit Court order on the Condo was still pending. He also noted that the HOA has yet to rent the Condo, and he asked the Court to schedule argument on is motion.

### Discussions Between the SEC and Mr. Courtright

In March 2023, the SEC and Mr. Courtright began to explore the possibility of jointly moving the Court to appoint a liquidation agent over the Condo, and to lift the asset freeze for the limited purpose of allowing the liquidation agent to sell the Condo, pay off the priority lienholders, and deposit the excess proceeds into the Court. Those discussions began in the spirit of trying to preserve as much value as possible until the conclusion of the SEC case, recognizing that a private sale potentially could result in a higher value (or lower costs) than a foreclosure proceeding, which both the SEC and Mr. Courtright would prefer.

The SEC and Mr. Courtright informed the Court of their discussions at the March 31 status hearing, but the discussions were at an early stage and SEC needed more time to understand what liens encumbered the property, and various other issues.

The SEC and Mr. Courtright were amenable to moving forward on a joint basis, and discussed some potential liquidation agents. But, discussions between the SEC and Mr. Courtright subsequently broke down when the SEC became aware of and looked further into a $2.5 million lien that was filed against the Condo by the Raymond H. Christensen Irrevocable Trust ("Christensen Lien"). A copy of the Christensen Lien is publicly available on the Cook County Illinois Recorder of Deed's website.[1] The Lien was recorded on February 3, 2020, but attaches a mortgage that is dated as of November 18, 2019, and was executed by Mr. Courtright and his wife,

---

[1] Document Detail | Clerk's Recordings System (cookcountyclerkil.gov)

and notarized, on December 23, 2019. The mortgage thus pre-dates the entry of the SEC's asset freeze order.[2] If valid, the Christensen Lien would leave no equity in the property for ultimate distribution to victims in the SEC case.

### The SEC's Position

There is no pending motion by Mr. Courtright or anyone else to lift the freeze on the Condo and allow its sale. Mr. Courtright's pending motion seeks an order directing the Cook County Circuit Court to stay or vacate its November 21, 2022 Order in favor of the HOA [ECF No. 244], which, in effect, would prevent the HOA from taking possession of the premises and renting it. Pursuant to 28 U.S.C. §2283:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment.

The Cook County Circuit Court carefully considered whether its order would conflict with this Court's asset freeze order, and concluded it would not. The Circuit Court found that allowing the HOA to take possession of and rent the Condo would not result in a transfer or disposal of the Condo, or require any monies out of any account of Mr. Courtright. [ECF No. 244, at 5] Mr. Courtright did not respond to the Court's invitation to support his concern that a renter might damage or destroy some of the Condo's high-end features or submit support for his statement that the Condo has features that would be irreplaceable. The SEC believes that, allowing the HOA to rent the Condo, is consistent, not inconsistent, with the protection of any eventual judgment that

---

[2] On November 15, 2021, a Trustee for the Raymond H. Christensen Irrevocable Trust commenced litigation against Mr. Courtright, and others, in the Circuit Court of Cook County, Illinois (*Tad Christensen v. Kenneth Courtright*, 2021L011121 (Cook Cnty. Cir. Ct.), relating to a $2.5 million loan that is evidenced by a $4.7 million promissory note. The complaint attached a promissory note that appears to have been executed by Mr. Courtright and his wife, and notarized, on November 19, 2019. The complaint does not reference the Condo as a pledged asset for that loan.

may be entered in the SEC action. Specifically, if the HOA can rent out the Condo and obtain full or partial satisfaction of the HOA's judgment, there will be fewer claims against the property and potentially more equity for distribution to victims.

The SEC is also not opposed to a sale of the Condo. That said, due to the apparent lack of equity in the Condo (after taking into consideration Heartland Bank lien, the HOA's lien, and the Christensen Lien), the SEC does not intend to join Mr. Courtright in a yet-to-be-filed motion to lift the asset freeze on the Condo, appoint a liquidation agent, pay valid lienholders, and deposit the remainder into the Court's CRIS account.

The SEC's position is that the Condo remains under the asset freeze order [ECF No. 56] and any person wishing to sell the property (or foreclose on a lien and sell) would first need to seek the Court's permission. The SEC would oppose any request that did not also require the seller or its agents (i) to provide an accounting to the Court of the sales proceeds before distributing them; (ii) to identify to the Court how the proceeds are expected to be distributed and provide the SEC and Receiver with an opportunity to challenge the plan of distribution, including to challenge the priority of any person's claim vis-à-vis the SEC,[3] and (iii) to order any excess proceeds to be deposited with the Court until the completion of the SEC's action.

---

[3] The SEC has agreed not to challenge the priority of Heartland Bank's interest in the Condo. However, as mentioned, there are others who may believe they too have a priority interest, and the SEC would like the opportunity to review their interest before any monies are distributed to such persons or entities.

**Consultation with Mr. Courtright**

The SEC has informed Mr. Courtright of its position. The SEC understands that Mr. Court intends to appear at the June 12, 2023 telephonic conference on his motion [ECF No. 244].

Date: June 8, 2023  /s/Suzanne J. Romajas

Suzanne J. Romajas, Esq.
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5971
RomajasS@sec.gov

*Counsel for the Securities
and Exchange Commission*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic transmission via this Court's CM/ECF filing system on June 8, 2023, on all counsel or parties who have appeared in the above-styled action.

/s/
Suzanne J. Romajas
*Counsel for Plaintiff*