UNITED STATES DISTRCT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUL 07 2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION. <br><br> Plaintiff, <br><br> v. <br><br> TODAY'S GROWTH CONSULTANT INC., (d/b/a "THE INCOME STORE") <br><br> and <br><br> KENNETH COURTRIGHT III; <br><br> Defendants. | No. 19-cv-08454 <br><br> Judge Andrea R. Wood <br> Magistrate Judge <br> Jeffrey Cummings |

## HEARTLAND BANK'S RESPONSE TO COURTRIGHT'S MOTION TO SELL CONDO

HEARTLAND BANK AND TRUST COMPANY ("**Heartland Bank**"), a secured creditor of the Defendant, KENNETH D. COURTRIGHT, III ("**Courtright**"), by its attorneys, JACOBS & PINTA, and for its Response to the Motion of Courtright to be Allowed to Sell the Condo at 405 N. Wabash (the "**Courtright Motion**"), states as follows:

1. Courtright, by the Courtright Motion, seeks court authority to list and try to sell the property commonly known as 405 N. Wabash Ave., Unit 5109-10, Chicago, Illinois (the "**Property**").

2. Heartland Bank is a secured creditor of Courtright and the owner and holder of two (2) Mortgage liens recorded against the Property, both of which Mortgages are secured by Notes that are in default. The First Note is due for the December 1, 2022 installment payment and the Second Note is due for the January 1, 2023 installment payment.

3. Heartland Bank has filed its Motion to Lift Asset Freeze Order (the "**Heartland Bank Motion**"), the content of which is specifically incorporated into this response by reference.

4. Heartland Bank has no objection to the Courtright Motion and to Courtright attempting to market and sell the Property (with restrictions); however, Heartland Bank seeks court authority to contemporaneously lift the Asset Freeze Order and allow Heartland Bank to pursue its default remedies and commence foreclosure action against the Property.

WHEREFORE, HEARTLAND BANK AND TRUST COMPANY moves this Court for an Order lifting the Courtright Asset Freeze Order for the purpose of allowing Heartland Bank to pursue its remedies against the Property by filing its foreclosure action in State Court and, in the event this Court also lifts the Asset Freeze Order as requested by the Courtright Motion, that Heartland Bank and Courtright be allowed to pursue their remedies contemporaneously and that any Order entered pursuant to the Courtright Motion recognizes the rights and priorities of Heartland Bank as set forth in the Heartland Bank Motion and provide that the Heartland Bank Mortgage liens be paid at the time of Courtright's sale of the Property, if said sale closes prior to Heartland Bank completing its foreclosure action, with any excess sale proceeds deposited with the registry of this Court.

        Respectfully submitted,

        HEARTLAND BANK AND TRUST COMPANY

        By: */s/ Tina M. Jacobs*
           JACOBS &PINTA
           One of its attorneys

Tina M. Jacobs, Esq. (ARDC 6190255)
Joy M. Pinta, Esq. (ARDC 6278250)
JACOBS & PINTA
77 W. Washington Street, Suite 1005
Chicago, Illinois 60602
(312) 263-1005
officeadmin@jacobsandpinta.com