UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| | : Civil Action No. 1:19-cv-08454 |
| TODAYS GROWTH CONSULTANT INC. (dba THE INCOME STORE), | : |
| and | : |
| KENNETH D. COURTRIGHT, III, | : |
| Defendants. | : |

**RECEIVER'S UNOPPOSED MOTION TO APPROVE SETTLEMENT AND RELEASE AGREEMENT WITH MESSIAH LUTHERAN CHURCH AND TO AUTHORIZE PAYMENT OF CONTINGENCY FEE AND COSTS TO RECEIVER'S COUNSEL**

Melanie E. Damian, Esq., the court-appointed Receiver ("Receiver") for Today's Growth Consultant, Inc. ("TGC") in the above-captioned enforcement action, files this unopposed Motion to approve the Settlement and Release Agreement (the "Settlement") entered into by and between the Receiver and Messiah Lutheran Church ("MLC") and to authorize payment of contingency fee and costs to the Receiver's counsel. In support of this Motion, the Receiver states as follows:

**BACKGROUND**

**A.    Appointment of Receiver**

On December 30, 2019, this Court entered a Temporary Restraining Order Freezing Assets and Imposing Other Emergency Relief [ECF No. 20] ("TRO") and an Order Appointing Receiver [ECF No. 19] ("Appointment Order") in the above-captioned SEC enforcement action (the "SEC Action"). The TRO ordered all of the Defendants' assets frozen to preserve the *status quo*. *See*

ECF No. 20 at 6-7. Further, the TRO ordered the preservation of all Defendants' documents, books and records concerning (1) the allegations of the Complaint, (2) any securities offered for sale by TGC, including, but not limited to Consulting Performance Agreements (each an "Agreement" and collectively, the "Agreements"), and (3) any communications with, between, or among either Defendant. *See* ECF No. 20 at 7-8.

The Receiver's mandate was to take all actions necessary to implement the terms of the TRO by, among other things, taking possession, custody and control of all of Defendants' assets, establishing control of TGC's business, ensuring that Defendants' assets were frozen and preventing their withdrawal or misapplication, obtaining and preserving documents and records pertaining to Defendants' assets, transactions, and business operations, and performing all acts necessary to protect and preserve the Receivership Estate. *See* ECF No. 19 at 2-4.

On March 2, 2020, the Court entered two separate stipulated preliminary injunction orders in the SEC Action, titled Order Imposing Preliminary Injunction Freezing Assets and Granting Other Relief [ECF Nos. 55, 56] (collectively, the "PI Orders") against Defendants TGC and Kenneth D. Courtright, III, which shall remain in effect until the Court's determination of the merits of the allegations set forth in the SEC's Complaint or further order of the Court.

**B.     Receiver's Claims against MLC**

Upon reviewing and analyzing the financial records of TGC, the Receiver discovered that from January 2010 through September 2019, within the time period that TGC was perpetrating an alleged Ponzi and/or fraudulent scheme, TGC improperly transferred a total of $768,165.00 (the "MLC Transfers") to MLC, which MLC received without providing reasonably equivalent value to TGC in exchange for the transfers. The source of the MLC Transfers was the investors that TGC had allegedly defrauded. Accordingly, the Receiver filed an action stating claims for

fraudulent transfer and unjust enrichment against MLC (and other entities) seeking the return of the transferred funds, commencing the action styled *Damian v. Don Shire Ministries, et. al.*, Case No. 1:20-cv-07817, pending in the United States District Court for the Northern District of Illinois.

Subsequently, the Receiver and MLC negotiated in good faith and agreed to amicably resolve all of the Receiver's claims against MLC, including, but not limited to, any disputes associated with the Transfers, and avoid the uncertainties and expense of further litigation.

## THE SETTLEMENT

The Receiver and MLC, subject to this Court's approval, have entered into a settlement and release agreement (the "Settlement"), a copy of which is attached hereto as **Exhibit A.** Pursuant to the terms of the Settlement, the Receiver and MLC agree that MLC shall pay a minimum of Four Hundred Eighty Seven Thousand Dollars (USD) ($487,000.00) (the "Settlement Amount"), in exchange for a release of the Receiver's claims against MLC. In particular, MLC will (i) pay to the Receiver a One Hundred Eighty Seven Thousand Dollars (USD) ($187,000.00) initial payment (the "Initial Payment") and agree to the entry of a Judgment in favor of the Receiver and against Defendant in the amount of Three Hundred Thousand Dollars (USD) ($300,000.00) within ten days (10) of the Court's approval of the Settlement, and (ii) pay to the Receiver the Judgment amount of $300,000.00 within ninety (90) days following the Court's approval of the Settlement or by November 1, 2023, whichever occurs later. In the event MLC does not pay the $300,000.00 judgment amount (in addition to having made the Initial Payment) before 5:00 p.m. on the 90th day following the Approval (or next business day if the 90th day falls on a weekend or holiday) or by November 1, 2023 (the "Final Payment Deadline"), the Receiver shall be entitled to, and MLC consents to, the immediate entry in the District Court (upon verified motion by the Receiver) of an amended judgment in the amount of Four Hundred Thousand Dollars

3

($400,000.00) less any amounts paid by or on behalf of Defendant towards the $300,000.00 judgment as of the Final Payment Deadline. At a minimum, the Settlement Amount represents approximately 63.4% of the total amount that MLC received from TGC. This description of the Settlement is included here for summary purposes only and not intended to constitute a full recitation of the terms of the Settlement. A review of this description or this Motion should not be a substitute for a review of the complete Settlement. *See* Exhibit A.

The Settlement is beneficial to the Estate because it will result in the Estate recovering a significant amount of funds (at least $487,000.00) without the need to pursue costly and protracted litigation. Also, the Receiver does not expect to incur further expenses in connection with the Settlement unless MLC does not pay the full $300,000 by the Final Payment Deadline and the Receiver is forced to seek entry of the amended judgment and pursue collection efforts.

Accordingly, the Receiver now seeks this Court's approval of the Settlement on the grounds that it is in the best interests of the Receivership Estate.

### REQUEST TO PAY CONTINGENCY FEES AND COSTS
### TO COUNSEL FOR RECEIVER PURUSUANT TO ORDER

Pursuant to the Court's November 5, 2020, Order Granting Receiver's Motion for Approval of Contingency Fee Arrangement [ECF No. 103], the Receiver requests the Court authorize and approve payment to the Receiver's counsel for contingency fees and expenses incurred and/or advanced in connection with prosecuting the claims against MLC immediately upon receiving the settlement payments from the MLC, without further order of the Court.[1]

---

[1] The expenses incurred and/or advanced include the Receiver's out-of-pocket costs and the fees of the Receiver's expert in the MLC action, which are well under the limit of 5% of the Estate's expected minimum net recovery of $326,290 from the $487,000 Settlement Amount from this Settlement as established in the Stipulation and Order dated September 1, 2022 [ECF Nos. 225 at ¶ 17.d. and 228 at ¶ 17.d.]. The Receiver's cost invoice and the Receiver's expert's invoice are attached hereto as **Composite Exhibit B**.

4

Specifically, the Receiver requests the Court enter an Order authorizing the Receiver to pay to Damian Valori Culmo, without further order of this Court, $61,710.00 in fees (33% of the $187,000.00 Initial Payment) immediately upon receiving that payment from MLC. Further, the Receiver requests that the Court authorize her to pay to Damian Valori Culmo $9,746.97 in costs (comprising $767.67 in costs incurred by the Receiver and $8,979.30 for the work of the Receiver's expert) as soon as the Estate has received from MLC a total of $290,954.33 such that the Estate's net recovery is $194,939.40 and the $9,746.97 in costs amounts to 5% of that net recovery, without further order of this Court. Finally, the Receiver requests that the Court authorize her to pay to Damian Valori Culmo 33% of each payment by MLC after the Initial Payment towards the $300,000.00 or $400,000.00 judgment amount, immediately upon receiving each such payment from MLC, without further order of this Court.

## **CERTIFICATION OF CONFERENCE**

Undersigned counsel for the Receiver hereby certifies that, on July 11, 2023, he sent a copy of this Motion and the attached Settlement Agreement to counsel for Plaintiff, the Securities and Exchange Commission, and to Defendant Kenneth D. Courtright, and asked that they confirm whether they have any objections to the relief requested herein. Counsel for Plaintiff and Defendant Courtright confirmed that they have no objection to the requested relief.

*\*\*\**

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that the Court: (A) enter the proposed order, attached hereto as **Exhibit C**, approving the Settlement; (B) authorizing the Receiver to pay to Damian Valori Culmo, without further order of the Court: (i) $61,710.00 in fees (33% of the $187,000.00 Initial Payment) immediately upon receiving that payment from MLC; (ii) $9,746.97 in costs (comprising $767.67 in costs incurred by the Receiver and $8,979.30 for the work of the Receiver's expert) as soon as the Estate has received from MLC a total of $290,954.33 such that the Estate's net recovery is $194,939.40 and the $9,746.97 in costs amounts to 5% of that net recovery; and (iii) 33% of each payment (after the Initial Payment) by MLC towards the $300,000.00 or $400,000.00 judgment amount, immediately upon receiving each such payment from MLC; and (C) grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 26th day of July, 2023.

DAMIAN VALORI CULMO
*Counsel for Melanie E. Damian,*
*Court-Appointed Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305-371-3960
Facsimile: 305-371-3965

/s/  Kenneth Dante Murena
Kenneth Dante Murena, Esq.
Florida Bar No. 147486
*Admitted Pro Hac Vice and*
*General Admission to N.D. Ill.*

## **CERTIFICATE OF SERVICE**

I HEARBY CERTIFY that a true and correct copy of the foregoing was served via electronic transmission via this Court's CM/ECF filing system on July 26, 2023 on all counsel or parties who have appeared in the above-styled action.

/s/ Kenneth Dante Murena
Kenneth Dante Murena, Esq.
*Counsel for Melanie E. Damian,*
*Court-Appointed Receiver*
