**SETTLEMENT AND RELEASE AGREEMENT BY AND BETWEEN
MELANIE E. DAMIAN, AS RECEIVER OF TODAYS GROWTH
CONSULTANT INC. AND MESSIAH LUTHERAN CHURCH**

THIS SETTLEMENT AND RELEASE AGREEMENT (the "Settlement") is made and entered into by and between **Melanie E. Damian**, as Receiver (the "Receiver") of Todays Growth Consultant Inc., and **Messiah Lutheran Church** ("Defendant") (the Receiver and Defendant are each a "Party" and are collectively the "Parties").

## I.    RECITALS

A.    WHEREAS, on December 30, 2019, the United States Securities and Exchange Commission filed an action against Todays Growth Consultant Inc. ("TGC") and its principal Kenneth D. Courtright, III ("Courtright") (collectively, the "Receivership Defendants") in the United States District Court for the Northern District of Illinois (the "Receivership Court") styled *United States Securities and Exchange Commission v. Todays Growth Consultant Inc., et al.*, Case No. 1:19-cv-08454 (the "SEC Enforcement Action").

B.    WHEREAS, on December 30, 2019, the Receivership Court in the SEC Enforcement Action entered a Temporary Restraining Order Freezing Assets and Imposing Other Emergency Relief (the "TRO"), which, among other things, made preliminary findings that the Receivership Defendants had violated various sections of the Securities Exchange Act and Rules promulgated thereunder. Further, the Receivership Court entered an Order Appointing Receiver, which appointed the Receiver as equity receiver of TGC and directed and authorized her to, among other things, "bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver[,]" and "pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates." Such actions include, without limitation, fraudulent transfer actions to recover transfers that TGC had made to insiders, affiliates and third parties without receiving reasonably equivalent value and, thereby, increasing the value of the Receivership Estate for the benefit of the investors who allegedly had been defrauded by the Receivership Defendants.

C.    WHEREAS, on March 2, 2020, the Receivership Court entered two separate stipulated preliminary injunction orders titled Order Imposing Preliminary Injunction Freezing Assets and Granting Other Relief (collectively, the "PI Orders") against each of the Receivership Defendants, TGC and Courtright, extending the relief granted in the TRO.

D.    WHEREAS, the Receiver reviewed and analyzed the financial records of the Receivership Defendants and discovered that the Receivership Defendants had made a total of $768,165.00 in transfers (the "Transfers") to Defendant between January 10, 2010 and September 6, 2019.

E.    WHEREAS, pursuant to the TRO, the Appointment Order and the PI Orders, the Receiver commenced an action styled *Melanie E. Damian, as Receiver v. Don Shire Ministries, Joliet Catholic Academy, Legacy Families, and Messiah Lutheran Church*, Case No. 20-cv-07817 (the "Fraudulent Transfer Action"), pending in the United States District Court for the

**Exhibit A**

Northern District of Illinois (the "District Court"), stating claims for fraudulent transfer and unjust enrichment against Defendant and the other named defendants and seeking to recover the Transfers for the benefit of the investors the Receivership Defendants allegedly had defrauded.

F.  **WHEREAS**, the Receiver and her legal counsel and Defendant and its legal counsel negotiated in good faith a settlement of the Receiver's claims in the Fraudulent Transfer Action and any and all other disputes by and between the Parties, including, but not limited to, any disputes associated with the Transfers, which settlement provides for a payment by Defendant and entry of a judgment and other terms and conditions, as more fully set forth below.

G.  **WHEREAS**, the Receiver's action against Defendant does not allege any wrongdoing by Messiah Lutheran Church.

**NOW THEREFORE**, in consideration of the mutual promises, exchanges and forbearances set forth below, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

## II. GENERAL PROVISIONS

A.  **Approval**: The Parties acknowledge and agree that this Settlement is subject to the approval of the Receivership Court and, therefore, will not be binding until such approval has been granted in the form of a Minute Entry, a Hearing Proceeding Memorandum, or a Court Order, whichever the Receivership Court enters first (the "Approval").

B.  **Recitals**: The Parties acknowledge and agree that the Recitals set forth hereinabove are integral terms, are true, accurate and correct and are hereby incorporated into this Settlement and are not mere surplusage.

C.  **Settlement Payments and Judgment**: Defendant will pay to the Receiver a minimum of Four Hundred Eighty Seven Thousand Dollars (USD) ($487,000.00). Defendant will make an initial payment of One Hundred Eighty Seven Thousand Dollars (USD) ($187,000.00) (the "Initial Payment") and agree to the entry of a Judgment in favor of the Receiver and against Defendant in the amount of Three Hundred Thousand Dollars (USD) ($300,000.00), within ten (10) business days after the Approval.

In the event Defendant does not pay the $300,000 judgment amount (in addition to having made Initial Payment) before 5:00 p.m. on the later of (i) the 90th day following the Approval (or next business day if the 90th day falls on a weekend or holiday) or (ii) November 1, 2023 (the "Final Payment Deadline"), the Receiver shall be entitled to, and Defendant consents to, the immediate entry in the District Court (upon verified motion by the Receiver) of an amended judgment in the amount of $400,000 *less any amounts paid by or on behalf of Defendant towards the $300,000 judgment as of the Final Payment Deadline.*

All settlement payments to the Receiver shall be in the form of wire transfer to the Receiver's fiduciary account for the Receivership Estate using the wire instructions that the Receiver's counsel will provide to Defendant's counsel.

2

D. **Enforcement of Judgment**: Receiver shall not seek to collect on or otherwise enforce any judgment entered pursuant to Section II.C. above until 5:00 p.m. on the Final Payment Deadline, provided that Defendant has not fully satisfied such judgment as of that time and day.

E. **Conditions for Release & Release**: In consideration of Defendant entering into this agreement, the Receiver shall and hereby does release and forever discharge Defendant from any and all claims, manner of claims, liabilities, demands, obligations, actions, causes of action, injuries, complaints, levies, fines, charges, interest, suits, debts, indebtedness, duties, obligations, rights, damages, punitive damages, attorneys' fees, costs, expenses and compensation of any nature whatsoever and of any kind, based on any legal, statutory or equitable theory, right of action or otherwise (whether arising under federal, state or local law or regulation, statute, or common law and whether by any federal, state or local taxing or regulatory authority or agency), foreseen or unforeseen, known or unknown, matured or unmatured, liquidated or unliquidated, absolute or contingent, accrued or not accrued, actual or potential, which the Receiver now has or which may hereafter accrue or otherwise be acquired against Defendant, regardless of whether any other information obtained by the Receiver after the date of this Settlement substantiates any additional claims or causes of action the Receiver could have brought against Defendant. *This release does not include, and specifically excludes*, any claims the Receiver has or may have against Defendant for, or any rights of the Receiver based on, Defendant's breach of this Settlement for failure to pay the amounts required in Section II.C. above, and the right to entry of the judgments as set forth in Section II.C. above, which claims and rights are **not** released, waived or discharged. Receiver also retains all rights to any proceedings supplementary to enforce those judgments including without limitation by seeking to garnish, levy, or execute on any property of which Defendant has a title and/or beneficial interest, and by asserting claims to recover assets of Defendant transferred in contravention of applicable law following the Approval.

In consideration of Receiver's release and discharge of any and all claims against Defendant required herein, Defendant shall and hereby does release and forever discharge the Receiver from any and all claims, manner of claims, liabilities, demands, obligations, actions, causes of action, injuries, complaints, levies, fines, charges, interest, suits, debts, indebtedness, duties, obligations, rights, damages, punitive damages, attorneys' fees, costs, expenses and compensation of any nature whatsoever and of any kind, based on any legal, statutory or equitable theory, right of action or otherwise (whether arising under federal, state or local law or regulation, statute, or common law and whether by any federal, state or local taxing or regulatory authority or agency), foreseen or unforeseen, known or unknown, matured or unmatured, liquidated or unliquidated, absolute or contingent, accrued or not accrued, actual or potential, which Defendant now has or which may hereafter accrue or otherwise be acquired against the Receiver, regardless of whether any other information obtained by Defendant after the date of this Settlement substantiates any additional claims or causes of action Defendant could have brought against the Receiver. *This release does not include, and specifically excludes* Defendant's right to challenge any effort by the Receiver to collect on or enforce the judgments entered pursuant to Section II.C. above against *real property* of which Defendant has a title and/or beneficial interest.

F.  **No Admission of Liability**: Nothing herein shall be construed as an admission of liability by Defendant, any such liability being expressly disputed and denied, and shall never be construed as an admission(s) by Defendant.

G.  **Dismissal of Litigation With Prejudice**: Upon full payment of the amounts required in Section II.C. above (with a minimum of $487,000 by the Final Payment Deadline), the Parties will file a stipulation for dismissal of the Fraudulent Transfer Action with prejudice.

## III. WARRANTY OF CAPACITY TO EXECUTE SETTLEMENT

The Parties represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Settlement; that the Receiver has the sole and exclusive right to receive sums specified in it; and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement.

## IV. ENTIRE AGREEMENT AND SUCCESSORS-IN-INTEREST

The Parties agree that this Settlement contains the entire agreement between the Receiver and Defendant with regard to the matters set forth in it, and shall be binding upon and inure to the benefit of their respective successors and assigns. There are no other understandings or agreements, verbal or otherwise, in relation thereto between the Parties, except as herein expressly set forth. There have been no representations not set forth herein that the Parties have relied upon when entering into this Settlement. Should any provision of this Settlement require interpretation or construction, the Parties agree that all Parties have participated in the drafting of this document and no presumption regarding construing the document against one Party shall apply.

## V. PARTIES' OPPORTUNITY TO BE REPRESENTED BY COUNSEL

The Parties acknowledge that each has had the opportunity to consult with the attorney of their choice. Furthermore, each Party to this Settlement represents and warrants that they are entering into this Settlement of their own free will, without having been subjected to any form of duress or coercion of any kind.

## VI. EXECUTION

This Settlement may be executed in counterparts, and such execution shall be valid and binding on the Parties.

## VII. SEVERABILITY

In the event any provision of this Settlement is found to be invalid by any court of law, the remaining provisions of the Settlement shall remain valid and binding on the Parties.

## VIII. JURISDICTION AND VENUE FOR LITIGATION OF DISPUTES

In the event of a dispute as to the interpretation, enforcement, application or violation of this Settlement, the Parties consent, understand, and agree that the Illinois Northern District Court, shall have exclusive jurisdiction, and be the exclusive venue, to resolve any such dispute and to award to the prevailing Party attorneys' fees and costs incurred in connection with the enforcement of this Settlement and in any proceedings supplementary necessary for execution of the judgments entered pursuant to Section II.C. above.

## IX. CONSTRUCTION BY STATE LAW

This Settlement shall be governed by, construed, and enforced in accordance with the laws of the State of Illinois to the extent state law is applicable, without giving effect to principles of conflicts of law.

AGREED TO BY:

MESSIAH LUTHERAN CHURCH

By: _B. S. Wielbik_
Print: _Brian S. Wielbik_
Its: _President_
Date: _July 11, 2023_

MELANIE E. DAMIAN, AS RECEIVER FOR TODAYS GROWTH CONSULTANTS INC.

By: _[signature]_
as receiver
Date: _7.11.2023_

5